Annie Kilkeary, by her next friend, v. W. H. Thackery, Appellant.

*Negligence — Master and servant—Infant — Contributory Negligence— Dangerous machine.*

In an action by a girl thirteen years of age against her employer to recover damages for personal injuries, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury, where there is evidence that plaintiff was engaged to run towels through a mangle for a laundry; that defendant ordered her to wax the cylinder of the mangle without giving her any instructions how to do it; that the step of the treadle was off, thereby rendering the machine more difficult to stop, and that plaintiff's hand was caught in the machine and injured.

Argued Nov. 5, 1894. Appeal, No. 91, Oct. Term, 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1894, No. 729, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WHITE, J.

At the trial it appeared that plaintiff, a girl thirteen years and eight months old, was employed by the defendant to run towels through a mangle in a laundry. The machine at which she worked consisted of a cylinder, about six feet long, and three smaller cylinders above it. The towels were passed in at one side and after going through the rolls, came out at the other side. In ordinary use there was a box on the top of these rolls, and a guard in front, where the towels passed in. There was no danger of the hands getting in between those cylinders when the box was on. There was room enough for the towels to pass in, but not enough for the hand to pass in, and the towels were taken out on the other side. Plaintiff's injury did not happen when engaged in the ordinary business of putting towels through the mangle, but afterwards when she was requested by defendant to wax the cylinder. Beeswax was used to rub on the large cylinder, in order to prevent its rusting, and, on this occasion, the top box was taken off and exposed all of the cylinders. Plaintiff alleged that the machinery was not perfect; that the step which was used for

stopping the motion of the cylinder was off of the treadle.   It seemed that one treadle would stop the motion, by throwing off the band that revolved the cylinder, and that on the other side was a step, also, for starting it.   The step was off, but the projection on which the step was fastened was there, and had been in use without the step for some time by all the employees. Plaintiff testified that she was not instructed by defendant how to wax the machine.

Verdict and judgment for plaintiff for $400.

*Errors assigned* were (1, 2) instructions recited in opinion of the Supreme Court, quoting them.

*J. A. Beatty, J. M. Hunter* and *R. B. Ivory* with him, for appellant, cited: Kehler v. Schwenk, 144 Pa. 357; R. R. v. Layer, 112 Pa. 417; Tagg v. McGeorge, 155 Pa. 375; Greenway v. Conroy, 34 W. N. 99; Nagle v. R. R., 88 Pa. 39; Rummell v. Dilworth, 111 Pa. 349; Zurn v. Tetlow, 134 Pa. 213; O'Keefe v. Thorn, 24 W. N. 379; s. c., 2 Mona. 73.

*Montooth Bros. & Buchanan*, for appellees, not heard, cited: Rummell v. Dilworth, 131 Pa. 509; Tagg v. McGeorge, 155 Pa. 375; Kehler v. Schwenk, 151 Pa. 505; Reese v. Hershey, 163 Pa. 253.

PER CURIAM, Jan. 7, 1895:

There was no error in refusing to affirm either of the points recited in the specifications of error.   In one of them the court was requested to charge: " From the evidence in this case, the point of danger in the mangle was where the two cylinders, revolving towards each other, came together, and the danger of being caught was obvious and the plaintiff was guilty of contributory negligence and cannot recover." In the other, the court was asked to say: " That under all the evidence in the case the verdict should be for the defendant." We are satisfied from an examination of the testimony that the question of defendant's negligence and also that of plaintiff's contributory negligence were so presented that the court was bound to submit both to the jury as questions of fact exclusively for their determination.   That was done in a clear and adequate charge

that appears to be free from any error of which the defendant can justly complain. In view of the testimony bearing on each of said questions it would have been manifest error for the court to have affirmed either of the points referred to.

Judgment affirmed.