# Judson T. Neilson *v.* Hillside Coal and Iron Co., Appellant.

*Negligence—Master and servant—Infant—Contributory negligence—Sudden peril.*

Where a coal company employs a boy thirteen years of age as a slate picker, but subsequently directs him to unfasten cars from an endless chain, a work which the evidence showed to be dangerous, it is the duty of the company to see that the boy receives such instructions as will inform him of the dangers which surround him, and enable him as far as practicable to avoid them. Whether this duty was performed by the company is necessarily a question of fact for the jury.

In such a case where the boy without fault on his part is suddenly placed in a position of peril, he cannot be held to the duty of quickly deciding, and acting upon the wisest course to escape the threatened danger.

Argued March 21, 1895. Appeal No. 199, Jan. T., 1895, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1892, No. 280, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SEARLE, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows:

" [The plaintiff, by his counsel, claims that the defendant was negligent in two ways: First, in employing a boy of the age of the plaintiff—and it appears from all the testimony, I think, that he was a little under thirteen years of age—in this employment, because it was a dangerous employment in itself, and that the company had no right to employ a boy of that age in it without giving him such instructions as rendered him competent to perform the duties of the place and avoid its dangers, and that the boy had no such experience and knowledge without such instructions as would enable him to perform the duties that he was hired to perform, and avoid the dangers that were inherent in the business.] [9]

" [They also claim that defendant was negligent in employing a boy of the age of Joseph Gallagher, whom the evidence shows was the boy who had charge of the lever which started and stopped this endless chain; that he was a boy between

eleven and twelve years—I think the evidence shows nearly twelve—at the time, and that he was so young that he had not the necessary knowledge, and judgment, and discretion to run that machine, and that the employment of a boy of that age, and that lack of those essential requisites to run machinery, was negligence on the part of the company, and that the accident occurred by reason of the negligence of this boy, and that therefore the plaintiff is entitled to recover on the ground of the negligence of the defendant in this respect.] " [10]

" [It is the duty of employers to exercise ordinary care in the maintenance of proper machinery, and the employment of competent men, and if they do not, and by not exercising proper care in the employment of men, but employ incompetent men, that is negligence for which they are responsible to their employees who are injured by reason of the employment of incompetent men. In other words, to apply it to this case, if the company, with the knowledge of Gallagher's incompetency, if he was incompetent, employed him, and if this accident occurred by reason of that incompetency, the rule in relation to one fellow-servant not being able to recover from his employers on account of the negligence of another fellow-servant, would be abrogated, and in this case the plaintiff might recover on account of the negligence of his fellow-servant by reason of the negligence of the company in not employing a suitable man to handle that machine.] " [11]

" [Was the general service in which this boy was employed of a dangerous character? Were the appliances which he had to use in his employment dangerous in their action and use? If they were not, that would end the case and your verdict should be for the defendant, because this whole case rests upon the dangerous character of the employment. If you find that they were dangerous, that the place he had to work, or the machinery or appliances he was working with, were dangerous, then had this boy the actual experience in the employment from which knowledge of its danger could necessarily be presumed, and the proper discretion to exercise the care necessary to perform it? The presumption, under the age of fourteen, is that he had not. But that presumption is only a presumption that may be overcome by showing that he had proper instructions to enable him to perform the work and to avoid the dangers of

the work. Did the defendant give this boy, if he had not the proper knowledge himself in any way, did the defendant give him suitable instructions as to the manner of using the appliances and proper warning of the dangerous character of the employment, and the hazard of carelessness? Was this warning sufficient, under the circumstances of the case, to enable this boy to understand what his danger was and to guard against it? If it was not, then the plaintiff would be entitled to recover in this action for whatever injuries he received.] " [12]

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were among others (9–12) above instructions, quoting them.

*Everett Warren, Edward N. Willard* and *Henry A. Knapp* with him, for appellant, cited, on the question of negligence, Dooner v. Canal Co., 164 Pa. 34; Seddon v. Bickley, 153 Pa. 275; Metropolitian Life Ins. Co. v. Jackson, 1 L. R. App. Cases, 197; School Furn. Co. v. Warsaw Sch. Dist., 122 Pa. 501.

As to the duty of employers of infants, Rummel v. Dilworth, 131 Pa. 509; Kehler v. Schwenk, 144 Pa. 359; Bernhardt v. West. Pa. R. R., 159 Pa. 360; Long v. Pa. R. R., 147 Pa. 343; Kelly v. Bennett, 132 Pa. 218; 16 Am. & Eng. Ency. of Law, 402; City v. Zimmerman, 95 Pa. 295; Schaeffer v. Jackson Twp., 150 Pa. 149; McCauley v. Logan, 152 Pa. 205; Christner v. Coal Co., 146 Pa. 67; Zurn v. Tetlow, 134 Pa. 213; Ford v. Anderson, 139 Pa. 261; Rickert v. Stephens, 133 Pa. 538; Pittston Coal Co. v. McNulty, 120 Pa. 419; Augerstein v. Jones, 139 Pa. 183; Sullivan v. India Mfg. Co., 113 Mass. 396.

*C. Smith, L. P. Weideman* with him, for appellees, cited on the presumption of plaintiff's incompetency, Reynolds v. Reynolds, 14 Pa. 208; R. R. Co. v. Fielding, 48 Pa. 320; Kehler v. Schwenk, 144 Pa. 360; Crissey v. R. R. Co., 75 Pa. 83; Jones v. Mining Co., 66 Wis. 268; Glassey v. Pass. Ry. Co., 57 Pa. 174.

As to the duty of defendant, Clarke v. Holmes, 7 H. & N. 937 : Frazier v. R. Co., 38 Pa. 104; R. R. Co. v. Decker, 84

Pa. 423; Caldwell v. Brown, 53 Pa. 456; Lanning v. R. R. Co., 49 N. Y. 521; Wagner v. Jayne Chemical Co., 147 Pa. 475; Ross v. Walker, 139 Pa. 50; Fisher v. Canal Co., 153 Pa. 379; Coal Co. v. Nee, 13 Atl. 841; Coombs v. New Bedford, 102 Mass. 585; Pa. Canal Co. v. Bentley, 66 Pa. 30; Cooley on Torts, 674; Sullivan v. India Mfg. Co., 113 Mass. 396.

OPINION BY MR. JUSTICE FELL, May 20, 1895:

The plaintiff, a boy under fourteen years of age, was employed by the defendant at its colliery, and at the time of his injury he was stationed at the head of a breaker to assist in the movement of cars. The loaded cars received from the mine were run to the dump or tipple, and after being emptied were drawn back and shifted to another track. An endless chain moved between the tracks and the power was communicated from this to the cars by means of a sling-chain some fifteen feet long, one end of which was hooked to the moving chain and the other to the front of the car. When a car had been drawn back the desired distance the chain was unhooked at both ends and carried back to be used in moving the next car. In order to detach the sling-chain it was necessary to stop the movement of the endless chain. When this was done and the sling-chain had become sufficiently slack it was unhooked from the car by the plaintiff and from the endless chain by another boy. The plaintiff in the performance of this work was required to stand on the front bumper of the car. At the time of the accident, because of the failure of the boy who had charge of the moving chain to stop it at the right time, the plaintiff was unable to unhook the sling-chain from the car with one hand while he held fast to the car with the other. In his effort to unfasten the chain he took hold of it with both hands and attempted to jerk it with one in order to get the necessary slack to unhook it with the other. As a consequence of this when the chain was loosened he fell in front of the car and was injured.

There was testimony that the plaintiff had been employed as a slate picker, and that a month before the accident he had been directed to work on the cars; that his father on account of the dangerous character of this work had objected to his doing it; that he had been sent back to pick slate and remained at that work until two weeks before he was injured, when with-

out his father's knowledge he had again been sent by the foreman to the cars. The testimony was conflicting as to the dangerous character of the employment and whether the plaintiff had been informed of it and instructed how to do the work so as to avoid its danger.

Two grounds of negligence were alleged upon the trial. The first was in placing a boy of the plaintiff's age, without knowledge or experience, at a dangerous work without such instructions as would enable him to understand it and avoid its risk. The second was in placing an incompetent boy in charge of the machinery by which the motion of the endless chain was regulated. The case was submitted on the first ground only, the learned judge instructing the jury that there was not sufficient evidence to sustain a finding that the boy in charge of the machinery was incompetent.

While upon its facts the case is a very close one, it could not have been properly withdrawn from the jury. Both the place and the character of the employment were dangerous. The plaintiff had not reached the age when capacity to see and appreciate danger is to be presumed. Under these circumstances it was the duty of the employer to see that he received such instructions as would inform him of the dangers which surrounded him and would enable him as far as practicable to avoid them. Whether this duty was performed was necessarily a question of fact: Rummel v. Dilworth, 131 Pa. 509; Kehler v. Schwenk, 151 Pa. 505. The only ground upon which the plaintiff under the evidence could be charged with contributory negligence was that he attempted to unhook the sling-chain when he found that the machinery had not been applied so as to slacken it, instead of jumping from the car at once. But this was to be determined in view of his knowledge and judgment, and the surroundings. Without fault on his part he was suddenly placed in a position of peril, and he could not be held to the duty of quickly deciding and acting upon the wisest course to escape the threatened danger. Even an adult under the same circumstances would not be held to such a duty.

We find no error whatever in the manner in which the case was submitted to the jury. The charge of the learned judge fully covered every point which was presented or arose at the trial, and the instructions were clear and adequate.

The judgment is affirmed.