Katie Cargill, Jr., by her mother and next friend, Katie Cargill, Sr., *v.* The Philadelphia Towel Supply and Laundry Company, Limited, Appellants.

| 185 | 269 |
| 20 SC | 237 |
| 185 | 269 |
| e211 | 283 |
| 185 | 269 |
| 28 SC | 392 |

*Negligence—Master and servant—Duty of master to instruct servant— Dangerous machine—Contributory negligence.*

In an action by a girl seventeen years old to recover damages for personal injuries sustained while working at a mangle in a laundry, the case is for the jury where the evidence is conflicting as to whether the plaintiff was properly instructed before being placed at work at the mangle, whether the absence of a guard rendered the machine more dangerous, and whether the plaintiff herself was guilty of contributory negligence.

Argued Jan. 14, 1898. Appeal, No. 307, Jan. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 716, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

At the trial, it appeared that plaintiff, a girl seventeen years old, was employed by defendant in its laundry. The evidence was conflicting as to whether she was hired to help generally or only to shake out the towels. Almost immediately after her employment, and about a week before the accident, she

commenced to work at the mangle by which she was hurt. The evidence was conflicting as to whether or not she was instructed regarding the work, and as to whether or not instructions were needed. The mangle had no guard on it. The evidence was conflicting as to whether or not a guard decreased or increased the danger. There was evidence that a number of the machines had guards on, but that a greater number had not, but there was no evidence that a guard was a customary thing. Plaintiff's hand and arm were caught in the mangle while she was feeding towels to it, but she could not say how it happened. Some of defendant's witnesses said that she carelessly placed and kept her hand in the folds of a roller towel until it and the hand were drawn into the machine.

Defendant's point and the answer thereto among others were as follows:

5. Under all the evidence in the case the verdict must be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Alex. Simpson, Jr.,* with him *William Grew,* for appellant.—An infant at the age of fourteen years is presumed to have sufficient capacity to be sensible of danger, and this presumption will stand until overthrown by clear proof of the absence of such discretion as is usual with infants of that age: Nagle v. R. R., 88 Pa. 35; O'Keefe v. Thorn, 24 W. N. C. 379; Zurn v. Tetlow, 134 Pa. 213.

Whether a guard or protector, even assuming it would have been wise to have one, would have prevented the accident in the position she was at the time, there is no evidence to enable us to determine. It will not do to guess that it would, it must be shown as a fact: Huey v. Galenbeck, 121 Pa. 238; Reese v. Clark, 146 Pa. 465; Stringer v. Twp. of Ross, 179 Pa. 614; Fick v. Jackson, 3 Pa. Superior Ct. 384.

That the result shows that some device might have prevented the accident, is no proof of negligence: Sykes v. Packer, 99 Pa. 465; Ry. v. Husson, 101 Pa. 1; Shipbuilding Works v. Nuttall, 119 Pa. 149.

*A. S. Ashbridge, Jr.*, for appellee, cited Ross v. Walker, 100 Pa. 301; Lebbering v. Struthers, 157 Pa. 323; Rummell v. Dilworth, 111 Pa. 343; Lee v. Woolsey, 109 Pa. 124; Lee v. Electric Light Company, 140 Pa. 618; Neilson v. Coal, etc., Co., 168 Pa. 256; Railroad v. McElwee, 67 Pa. 311; Johnson v. Railroad, 70 Pa. 357; Railway Co. v. Pearson, 72 Pa. 169; McKee v. Bibwell, 74 Pa. 218; Crissey v. Railway Co., 75 Pa. 83; Fox v. Booth, 32 Leg. Int. 283; Schum v. Railroad Co., 107 Pa. 8; Railroad Co., v. Coon, 111 Pa. 430; Railroad Co. v. Peters, 116 Pa. 206; Arnold v. Railroad, 115 Pa. 135.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 4, 1898 :

This action of trespass, against the limited partnership association defendant, was brought to recover damages for personal injuries alleged to have been suffered by the plaintiff in consequence of certain negligent acts of omission and commission of the defendant, specified in the statement. Among other things, it is therein averred that, in May, 1895, the association defendant, then engaged in the laundry business, employed plaintiff "to shake out towels;" that a week thereafter she "was taken from the employment of shaking out towels for which she had been hired and put by defendant to work on a machine known as a mangle, without having been given proper instructions how to work the said machine, and shortly after her employment on the said mangle her left hand was caught therein and drawn by the hot rollers up to the elbow, and the hand and arm were crushed and burned, so that the same were rendered useless forever."

That said injuries were caused by the defendant's negligence in the following particulars :

1. In taking the plaintiff, who was then a minor, from the employment for which she was hired, and putting her to a more dangerous employment, without having given her proper instruction as to the danger of the new employment, or as to the manner in which she should work upon said machine.

2. Said machine was negligently maintained by defendant, in that the protection or guard which should have been in place to prevent plaintiff's hand from being drawn into said mangle had been suffered and permitted by defendant to be and remain away from its proper place.

3. Defendant took none of the ordinary and reasonable means to prevent the accident and injury to plaintiff while working on said machine.

The statement then concludes with averments as to the character and extent of plaintiff's injury, the serious consequences that have resulted and are likely to result therefrom, et cetera.

Each of the foregoing averments of negligence was denied by the defendant; and thus the issues of fact were formed.

It is not our purpose, nor is it necessary, to either summarize or review the somewhat voluminous testimony that was given on the trial. As to the general character and serious consequences of plaintiff's injury, there was practically no conflict of testimony. As to the alleged negligence of the defendant, etc., it is sufficient to say that the evidence on behalf of the plaintiff tended to sustain her averments, while that of the defendant tended to show the contrary. In brief, the evidence relating to the subjects of negligence, contributory negligence, etc., was more or less conflicting, and thus material questions of fact were presented that were necessarily for the consideration of the jury. It is impossible to review the testimony without being forced to the conclusion that it involved disputed questions of fact which the court was bound to submit to the jury for their determination; and that was done by the learned trial judge in a clear and adequate charge that was quite as favorable to the defendant as it should have been. The only complaint that defendant makes is that he refused to withdraw the case from the jury by instructing them that " under all the evidence the verdict must be for the defendant." Four of the five points for charge submitted by defendant and affirmed by the learned judge are predicated of facts that were necessarily for the jury. In the first, they were instructed that "if the plaintiff went to work upon the mangle of the defendant, and continued at that labor without objection upon her part, she took the risk attendant upon the work, and cannot recover unless it is proved that defendant was negligent in not providing proper machinery for the work, or that the machine was defective, or not in good working order."

In the second, they were instructed that if the mangle upon which plaintiff was at work was defective, or not in proper working order, it must be shown affirmatively that the attention

of the defendant company was called to that defect and it refused or neglected to remedy it.

In affirming the third point, the jury were instructed in the words thereof: "If the mangle in which the plaintiff was injured was reasonably safe, according to the usages, habits and ordinary risks of the business in which the defendant was engaged, the defendant is not liable for an accident occurring thereon, and the verdict must be for the defendant."

As to the facts of which these instructions are predicated there was considerable testimony, but it was more or less conflicting and, therefore, for the exclusive consideration of the jury; and their verdict shows conclusively that the facts referred to were not found as claimed by the defendant.

Without pursuing the inquiry further, it is very evident that the plaintiff's case depended on questions of fact which the court was bound to submit to the jury. That was carefully and impartially done, and the result was that the controlling facts were determined in favor of the plaintiff.

It follows from what has been said that the judgment entered on the verdict should not be disturbed.

Judgment affirmed.