## Mrs. Matilda Sheetram and Charles Sheetram v. The Trexler Stave and Lumber Co., Limited, Appellant.

*Trespass—Master and servant—Employer and employee.*

It is not only the duty of a master or employer to warn a servant or employee against the danger that lies in the unskilful or careless operation of machinery involved in his employment or task, but he should also give suitable instructions as to the manner of using the same so as to avoid danger.

*Infant—Damages—Contributory negligence—Coemployee.*

A lad between sixteen and seventeen years of age, unless there is positive proof to the contrary, is presumed to have sufficient intelligence to be cognizant of the patent dangers of feeding a circular saw with billets for manufacture into barrel staves, and is held to the rule that an employee who contracts for the performance of hazardous duties assumes such risks as are incident to their discharge, from causes that are open and obvious. But although a servant be as fully conscious of the danger incident to the discharge of a duty in a particular way as if he had been expressly warned of the danger, it does not necessarily follow that his employer is relieved of the duty to instruct him further. There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service.

If it is shown that with the knowledge of his employers, an employee was in the habit of hiring and discharging workmen, the jury may infer that the hiring of the plaintiff was within the scope of his authority, and so binding upon the employers.

Argued Oct. 25, 1899.   Appeal, No. 135, Oct. T., 1899, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1898, No. 10, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Reversed.   Opinion by RICE, P. J.

Trespass under the act of 1897 for personal injuries sustained by Charles Sheetram while in the employ of defendant.   Before BAILEY, P. J.

Charles Sheetram is a minor, about sixteen or seventeen years old.   The other plaintiff, Matilda Sheetram, is his mother.

The facts are sufficiently set forth in the opinion of the court.

Defendant's points and the answers thereto among others were as follows :

[2. An infant at the age of sixteen years is presumed to have sufficient capacity to be sensible to danger, and this presumption will stand until overthrown by clear proof of the absence of such discretion, and no sufficient evidence has been offered in this case to overcome the presumption that Charles Sheetram was cognizant of the patent dangers of the work he was employed to do.   Answer : We cannot affirm this point.   The evidence is conflicting whether Charles Sheetram should have been cautioned as to the danger of putting billets on the carriage, before putting him to that employment.   It is therefore a question for the jury.] [2]

[3. It was not necessary for the defendant to explain to Charles Sheetram the danger of coming in contact with the revolving saw of the mill, because it was a patent danger of which he was sensible.   Answer : Refused.] [3]

[4. A servant or employee assumes all dangers in his employment, however they may arise, against which he may protect himself by the exercise of ordinary observation and care, and the defendant is not responsible for any injury suffered by Charles Sheetram, to which he voluntarily subjected himself. Answer : An employee assumes the risks incident to his employment, but he cannot be held to assume the risks of danger he had no knowledge of.   If he is not familiar with the business he has the right to expect that its dangers will be pointed out to him, and that he will be instructed in those things necessary for him to know in order to insure his own safety.   With this explanation the point is affirmed.] [4]

[6. The plaintiffs having shown that it was the duty of the workmen to place lights at the mill where Charles Sheetram was working, and if they failed to have the place properly lighted by reason of which Charles Sheetram was injured, he cannot recover, because if there was any negligence it was that of a fellow-servant. *Answer:* We cannot affirm this point as stated. The dim light which was about the sawing machine made it not less important that Charles Sheetram should have been warned as to the danger attended upon the placing of billets on the carriage, and instructed as to the proper way to do so in order to insure his own safety if the jury find that it was the duty of the defendant to have warned and instructed him.] [6]

Verdict and judgment for plaintiff, Matilda Sheetram, for $226, and for Charles Sheetram, $300. Defendant appealed.

*Errors assigned* among others were (2–4, 6) above instructions, quoting them.

*H. H. Waite,* for appellant.—Matilda Sheetram, the mother of the plaintiff, Charles Sheetram, was guilty of contributory negligence to such an extent, in permitting her minor son to engage in such dangerous employment, that she should not have been allowed to recover: Smith v. Railway Co., 92 Pa. 450.

Minute instructions as to the manipulation of dangerous machinery is not necessary in the case of a boy of the age of the plaintiff: O'Keefe v. Thorn, 24 W. N. C. 379; Tagg v. McGeorge, 155 Pa. 368; Fletcher v. Traction Co., 190 Pa. 120.

There was no necessity for instructions in this case for the further reason that the boy was not employed to take charge of machinery; he was employed only to feed the saw within reach of another who was actually operating it: Kaufhold v. Arnold, 163 Pa. 269.

*Thos. F. Bailey* and *H. W. Petrikin,* for appellees.—It became the duty of the defendant to fully instruct the plaintiff as to the proper method of placing the billets upon the carriage and warning him against the perils attendant upon his new employment: Rummel v. Dilworth, 131 Pa. 509.

The jury having found, as instructed by the court, that

Trexler had authority to employ the plaintiff for the defendant and to assign his work, and that the employment was a dangerous one, the verdict was properly in favor of plaintiffs: Ship Building Works v. Nuttall, 119 Pa. 149; Wagner v. Jayne Chemical Co., 147 Pa. 475; Tagg v. McGeorge, 155 Pa. 368; Lebbering v. Struthers, 157 Pa. 312; Cargill v. Phila. Towel Supply Co., 185 Pa. 269; Strawbridge v. Bradford, 128 Pa. 200.

OPINION BY RICE, P. J., March 21, 1900:

The defendants are engaged in the manufacture of staves. Charles Sheetram, a boy between sixteen and seventeen years of age, went to their mill to secure employment. He met there William Trexler (not a member of the partnership), and asked for work. Mr. Trexler engaged him, and when Charles stated to him that he had never worked at a mill and would have to learn, Trexler told him that he could help at the cut-off, fill the bucks and wheel out sawdust and slabs. This, it seems, was work that required no special skill and involved no special risk. At seven o'clock in the evening of the same day he reported and was set at that work, but later in the evening (according to his testimony) he was told by Trexler that when he came with a billet of wood to place on the buck near the stave saw, and found none on the carriage by which the billets were run into the saw, he should place it on the carriage instead of on the buck. While thus employed his left hand came in contact with the saw and was so injured that amputation of the first and middle fingers became necessary. He testified: "I was putting a billet on the carriage; I put my right hand down first; then my left; the saw came by my hand; I don't know how it was." There was evidence that by reason of the close proximity of the carriage to the saw, especially if it was not pulled clear back, there was great risk in laying the billet on in the manner described by the plaintiff. At the very best there would have been a play of but six inches between his hand and the saw, and if the carriage was not pulled clear back —not an unusual thing—there would have been less. Without reciting the evidence bearing upon this point more in detail we conclude that there was sufficient to warrant the jury in finding that the plaintiff was injured when in the act of plac-

ing the billet on the carriage in the manner described. It would be taking too narrow a view to say that he could not recover because he could not more precisely explain how his hand happened to come in contact with the saw. The evidence upon that point is as clear as it was in Cargill v. Phila. Towel Supply Co., 185 Pa. 269, where a recovery for the plaintiff was sustained on appeal.

When an employee, after having the opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if subsequently injured by such exposure. By contracting for the performance of hazardous duties, he assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he has had opportunity to ascertain: Wharton on Negligence, sec. 284. This statement of the general rule has been approved in many Pennsylvania cases. Charles Sheetram was between sixteen and seventeen years of age, and unless we assume in the absence of all proof that he possessed less mental capacity than the average youth of his age and class, we are bound to say that he must be held to have accepted risks of the kind described in the foregoing rule: Fick v. Jackson, 3 Pa. Superior Ct. 378; O'Keefe v. Thorn, 24 W. N. C. 379; s. c., 2 Mona. 73. It was as obvious to him as it was to his employers that there was risk in laying the billets of wood on the carriage in the manner he says he did. He needed not to be told that it was dangerous to bring his hand in contact with a saw or in such close proximity to it that a slight miscalculation would result in injury. It is unreasonable to suppose that he did not see the danger. At any rate, even if the court would not have been warranted in saying to the jury that the danger was patent, the defendants were entitled to instructions that there was not sufficient evidence in the case to overcome the presumption that he was cognizant of patent dangers. We are of opinion, therefore, that the defendants' second and third points should have been affirmed. The fourth point should also have been affirmed without qualification. The legal principle was correctly stated in the point and this, as well as the second and third points, were pertinent to the case, if, as the defendant contended, the plaintiff of his own volition, without any direction or encouragement from the sawyer put the billets of wood on the cariarge instead

of on the buck as he had been directed to do. Answers to points for charge should be direct, clear, unequivocal and re-sponsive. Whilst they may, and in certain cases should, contain such qualifications, explanations or observations as will render the points clear, and bring them into conformity with the facts, the evidence or the law of the case, yet care should be taken that the party presenting the point be given the full benefit of the legal principle expressed in it, if it is correctly and clearly stated and is pertinent. See P. & L. Dig. of Dec. and Ency. of Pa. Law, Col. 2570. The remarks of the learned. judge in answering the fourth point were not explanatory of it; they tended rather to draw the minds of the jury away from the legal principle expressed in the point to another principle which had been fully and correctly stated by him elsewhere. It was not called for by anything embraced in the point, and weakened if it did not absolutely nullify the force of the osten-sible affirmance of it. In Kaufhold v. Arnold, 163 Pa. 269, the same point was presented and was qualified by instructions. as to contributory negligence and the duty of employers to in-struct their employees. This was held to be error. " The point as stated was exactly true and should have been affirmed without qualification." See also City of Lancaster v. Kis-singer, 11 W. N. C. 151, and Citizens Pass. Ry. Co. v. Ketcham, 122 Pa. 228.

But although a servant be as fully conscious of the danger incident to the discharge of a duty in a particular way as if he. had been expressly warned of the danger, it does not necessa-rily follow that his employer is relieved of the duty to instruct. him further. There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it. cannot be declared as matter of law that the risk of making a. wrong choice is one of the incidental risks which he accepted when he entered into the employer's service. The law upon the subject is well settled. " In the text books, and with rare exceptions in all the adjudicated cases, the rule laid down in substance is : When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use ;

if the employer neglects this duty, or if he gives improper instructions, he is responsible for the injury resulting from his neglect of duty:" Tagg v. McGeorge, 155 Pa. 368; Rummel v. Dilworth, 131 Pa. 509; Kehler v. Schwenk, 151 Pa. 505; Fisher v. D. & H. Co., 153 Pa. 379; Kilkeary v. Thackery, 165 Pa. 584; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256; Lebbering v. Struthers, 157 Pa. 312; Stapleton v. Traction Co., 5 Pa. Superior Ct. 253. It will be observed that there is the duty not merely to warn against carelessness, but to give suitable instructions as to the manner of using the dangerous machine or performing the dangerous service.

Applying these principles to the facts of the present case, these questions present themselves : Was the risk of which the plaintiff was cognizant necessarily incident to the discharge of the duty he had to perform? If not, were the defendants negligent in not instructing him how to do the work assigned to him with safety, or was he negligent in not pursuing that mode without special instructions? These were all questions of fact. There was evidence that the plaintiff was inexperienced in this kind of work and so informed Trexler when he was employed; that there was a mode in which he could have placed the billets on the carriage with safety; that it was commonly followed by those familiar with the work and its dangers; that Trexler, the sawyer and night-foreman, must have seen how the plaintiff was doing the work; and that he gave him no instructions. There was in addition the opinion evidence of witnesses, received without objection, that the work could not be performed with safety without experience or instruction. There was also evidence to the contrary. The questions of fact were for the jury; but if they found the facts as alleged by the plaintiff the court could not have declared as matter of law that, as he was cognizant of the danger the defendants owed him no duty to give him such instructions as would enable him to avoid it. Whether the injury resulted from the defendants' neglect of that duty or from the plaintiff's negligence, were questions for the jury.

The evidence as to the authority of Willliam Trexler to employ the plaintiff is not very strong, but we cannot say that there was no competent evidence of the fact. If with knowledge of his superiors he was in the habit of hiring and discharging

workmen, the jury might infer that the hiring of the plaintiff was within the scope of his authority. The evidence upon the subject was conflicting, and we are not convinced that the court erred in submitting the question to the jury.

The evidence as to his authority to assign the employees to their different duties is much clearer. He was the night foreman, and if he directed the plaintiff to put the billets of wood on the carriage, the latter cannot be regarded as a mere volunteer.

Nor, if the injury resulted from the neglect to give the plaintiff suitable instructions, and this was a duty which the defendants had charged Trexler with, is the case within the rule that prevents a recovery where the injury is occasioned by the negligence of a fellow servant. If it was a duty, it was a duty of the master, and it is not sufficient to relieve him from responsibility to show that the person appointed by him to give the instruction was negligent: Lebbering v. Struthers, 157 Pa. 312, 323; Wharton on Negligence, sec. 232. With this qualification there was no error in that portion of the charge embraced in the eleventh assignment. We assume that it was negligence in this particular of which the learned judge was speaking. The question of the liability of the defendants for the negligence of Trexler was correctly and very concisely stated in the answer to the defendants' eighth point.

Whether or not there was sufficient light at the place where the defendant was set at work was a disputed question of fact, but in answering the defendants' sixth point the learned judge made use of an expression which seems to assume that the light was dim. But for this inadvertent expression the answer was substantially correct and was appropriate. If the danger was due exclusively to the negligence of a fellow servant in not lighting a lantern hanging over the saw which the defendants had provided and was ready to be lighted, we are not prepared to say that they would be responsible. But if the failure to light the lantern simply added to the risk, we cannot say that the defendants were relieved of responsibility for their neglect to instruct the plaintiff, if that was a duty.

A careful examination of the testimony of John Campbell, as it is reported, fails to show that he testified that Trexler held the carriage for the plaintiff to put the billets on. Excepting in

this reference to the testimony of Campbell there was no error in the excerpt from the charge quoted in the twelfth assignment.

The proposition that the mother of Charles was guilty of contributory negligence in permitting him to be employed at the mill cannot be sustained. The doctrine of Smith v. Hestonville Pass. Ry Co., 92 Pa. 450 has no application to the facts of this case. This, it seems to us, is too plain for argument. As was said in O'Keefe v. Thorn, supra, if boys of his age are not to be allowed to use machinery until they have become accustomed to its use, it would be difficult for them to learn any useful trade or occupation by which to earn a livelihood.

The case was in the main well tried, but for the reasons above given the second, third, fourth and sixth assignments must be sustained; the others are overruled.

The judgment is reversed, and a venire facias de novo awarded.