# Royer v. Tinkler.

*Negligence—Master and servant—Duty to instruct young persons—Dangerous machinery—Contributory negligence.*

When young persons, without experience, are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them and warning as to the hazard of carelessness in their use. If the employer neglects this duty, or if he gives improper instructions, he is responsible for the injury resulting from his neglect of duty.

If there be two modes in which the duty of a servant can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service. Much less can this be declared as matter of law where the young and inexperienced servant has no reason to infer from what he can see that there is a choice of methods.

In an action by a girl against her employer to recover damages for personal injuries, it appeared that at the time of the accident the girl was between thirteen and fourteen years of age, and was employed to assist in operating a collar and cuff ironing machine. It was necessary at times during the progress of the work to re-cover one of the felt rolls with muslin. When this was done it was customary to remove a long knife which was on the side of the machine opposite to that at which plaintiff worked. At the time the accident occurred plaintiff was helping another employee to re-cover the felt roll, and the knife had not been removed as was customary. The testimony for the plaintiff tended to show that her hand accidentally slipped, was caught and drawn between the rolls, and that the muscles of her forearm were badly cut by the knife. The testimony for the defendant was in effect that plaintiff's hand had been drawn between the rolls by her own carelessness in leaning upon the swiftly revolving roll. It appeared that plaintiff had worked at the machine for a week or more, but had no knowledge and had never been instructed that the knife should be removed when the felt roller was being re-covered. *Held*, that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and that a verdict and judgment for plaintiff should be affirmed.

Argued Nov. 13, 1900. Appeal, No. 46, Oct. T., 1900, by defendant, from judgment of C. P. Berks Co., Nov. T., 1898, No. 49, on verdict for plaintiff in case of Bessie Royer, by her next friend and father, Nathaniel L. Royer, v. Samuel E. Tinkler. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ENDLICH, J.

At the trial it appeared that in March, 1898, plaintiff was injured while employed in assisting to operate a collar and cuff ironing machine in defendant's laundry. A description of the machine and the circumstances of the accident appear in the opinion of the Superior Court.

The jury returned a verdict for plaintiff for $900 subject to the following questions reserved:

1. There is no evidence of negligence in the defendant and the verdict must be for the defendant.

2. The plaintiff's testimony shows that the accident was the result of her own negligence, and the verdict must be for defendant.

3. If the plaintiff's testimony is correct, she was injured because of her adopting the method indicated by Lillie Plucker, a fellow employee, for the smoothing out of the wrinkles in the muslin covering the rolls. If such method was proper, no negligence can be predicated of it, and if improper, it was a mistake of the fellow employee voluntarily adopted by the plaintiff, and for which the defendant is not responsible.

The court in an opinion by ENDLICH, J., entered judgment on the verdict.

*Error assigned* was entry of judgment on verdict.

*Cyrus G. Derr*, for appellant.—The plaintiff's testimony not only fails to make out against the defendant a prima facie case of negligence, but it affirmatively shows that there was no negligence on the part of the defendant which contributed to or resulted in the accident: O'Keefe v. Thorn, 24 W. N. C. 379.

Without regard to the question as to whether the defendant was guilty of negligence, it is impossible to resist the conclusion that the plaintiff was herself incautious, and that the accident was the result of such incaution.

*John H. Rothermel*, of *Rothermel Brothers*, for appellee.—The plaintiff received no instructions at all as to the proper manner of covering the machine, and none whatever of the necessity of the removal of the knife while that was being done.

OPINION BY RICE, P. J., March 19, 1901:

The plaintiff, being then between thirteen and fourteen years of age, was employed by the defendant to assist in operating a collar and cuff ironing machine. The machine consisted of an iron roll five inches in diameter, with a felt roll twelve inches in diameter above, and another felt roll of the same diameter below the iron roll. Two persons were required to operate the machine, one to pass the collar or cuff between the iron roll and the upper felt roll, and the other to receive it and return it between the iron roll and the lower felt roll. On the side of the machine opposite to that at which the plaintiff worked, a steel blade, called a knife or scraper, of the length of the rolls and an inch and a quarter wide, was so fitted as to loosen the collar or cuff, if in passing through, it stuck to the iron roll. From time to time it became necessary to re-cover the felt rolls with muslin. To do this the pressure was removed, thus leaving a space of an inch or an inch and a quarter between the rolls, and the muslin was wrapped around the roll as it revolved. While the plaintiff and her coemployee were engaged in covering one of the rolls, the accident occurred which resulted in the injury of which she complains. The testimony was not entirely harmonious, but from the evidence adduced in the plaintiff's behalf, the jury were warranted in finding, that as she was smoothing out the wrinkles in the muslin being wrapped around the upper roll, her hand accidentally slipped, was caught and drawn between the rolls, came in contact with the knife or scraper, and caused it to tilt up so as to cut into the muscles of her forearm and inflict a permanent injury.

If the injury was caused in that way—and that was for the jury to decide—then two other facts, of which there was evidence, became highly important, and, in our opinion, were sufficient to carry the whole case to the jury. First, according to the testimony of a witness called by the plaintiff, who was familiar with the construction of the machine and the usual manner of operating it, the knife was removable at will, and usually was removed as a necessary precaution when the rolls were being covered. Second, the plaintiff had no knowledge, and was not instructed, that this precaution ought or could be taken. By ignoring these two facts a very plausible argument may be made that the injury did not occur in consequence of the de-

fendant's failure to instruct her.   It might then be said, that as she had worked at the machine for a week or more, she had as full knowledge of the danger and of her duty to be cautious as if she had been specially warned.   But although a servant be as fully conscious of a danger incident to the discharge of a duty in a particular way as if he had been expressly warned of it, it does not necessarily follow that his employer is relieved of the duty to instruct him further.   There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service: Sheetran v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219.   Much less can this be declared as matter of law where the young and inexperienced servant has no reason to infer from what he can see that there is a choice of methods.   The law upon the subject is well settled.   " In the text books, and with rare exceptions in all the adjudicated cases, the rule laid down in substance is : When young persons without experience are employed to work with dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them, and warning as to the hazard of carelessness in their use ; if the employer neglects this duty, or if he gives improper instructions, he is responsible for the injury resulting from his neglect of duty : " Tagg v. McGeorge, 155 Pa. 368.   See also cases cited in the opinion filed by the learned judge of the court below and in Sheetran v. Trexler Co., supra, at p. 225.   It will be observed, as we remarked in that case, that there is the duty not merely to warn against carelessness, but to give suitable instructions as to the manner of using the dangerous machine or performing the dangerous service.   Hence, although it be conceeded that the plaintiff knew the danger incident to the ordinary operation of the machine, or even to the covering of the rolls, yet if it was avoidable in the manner described by her witness, and she was not instructed how to avoid it, it could not be declared as matter of law, either that the defendant had performed his whole duty, or that the injury did not result from the neglect of his duty to instruct her in that regard.

It is urged further that the defendant's omission to instruct

her as to the removal of the knife cannot be alleged as a ground-work of recovery in the present case, because the knife had nothing to do with her hand being caught between the rolls, and she would have been injured even if the knife had not been there. Possibly she would have been injured if the knife had not been there, but there was evidence that the principal injury was caused by the knife, and would not have been inflicted if the knife had been removed. If this was the fact—and this was for the jury to decide—then, although the defendant's negligence was not the primary cause of the accident, the jury would have been warranted in finding that it was the efficient cause of the principal injury, if not of all the injuries. As we held in the case of De Grazia v. Piccardo, 15 Pa. Superior Ct. 107, it was an accident likely to occur in the use of such a machine, and, although it be conceded that it was not preventable by anything the employer could do, it does not follow that he is not responsible for the consequences which were preventable by the exercise of ordinary care on his part. It follows that, whatever may have been the proper measure of damages, it would have been manifest error to instruct the jury that, if the defendant was not responsible for the plaintiff's hand being caught between the rolls, he was not responsible for any of the injuries that she sustained.

Finally, it is urged that the plaintiff's hand was caught and drawn between the rolls by reason of her own gross carelessness in leaning upon the swiftly revolving iron roll. It is true the defendant adduced evidence to that effect, and, if that were the admitted or undisputed fact, we are not to be understood as holding that the defendant would be responsible for any of the resultant injuries. It might well be argued that after her experience in operating the machine she needed not to be warned against an act so obviously reckless and dangerous. But whether that was the fact, or, as she alleged, her hand accidentally slipped as she was smoothing the muslin, was a question for the jury. The court could not have instructed the jury that, under the evidence, her hand was caught and drawn between the rolls in consequence of her own negligence, without usurping their functions.

For the reasons above suggested, which do not differ substantially from those set forth in the able opinion of the learned

judge of the court below, we conclude that there was no error in overruling the motion for judgment in favor of the defendant non obstante veredicto.

Judgment affirmed.