## Bartholomew, Appellant, *v.* Kemmerer.

*Negligence—Master and servant—Laundry—Mangle—Absence of guard rail—Province of court and jury.*

In an action by a woman against the proprietor of a laundry to recover damages for injuries to her hand received while working at a mangle, it appeared that while the plaintiff was absent from her work for about two weeks the defendant had substituted for the mangle at which plaintiff worked another and different kind of mangle. She was set to work at the new mangle without any instructions, and was immediately injured. Plain-

tiff testified that the mangle was fitted with no guard in front to protect the operator. In this she was to some extent corroborated by a witness for defendant. Three witnesses for the defendant testified that the machine was fitted with a guard while plaintiff was operating it. *Held*, that the defendant's negligence and plaintiff's contributory negligence were for the jury, and that a verdict and judgment for plaintiff should be sustained.

A servant has the right to expect his employer to provide machinery, tools and appliances that are reasonably safe for his use, and he assumes no risk growing out of their defective character, unless he has been fully advised that they are defective and dangerous.

*Negligence—Controverted questions of fact—Evidence—Province of court and jury.*

All controverted questions of fact, supported by testimony, are for the jury to ascertain and determine from the evidence. The duty of the court and jury respectively does not depend upon the number of witnesses testifying on either side. There may be but one witness called to support the plaintiff's case, while on the other hand, the defendant may support his contention by a great many witnesses, yet the court would unquestionably invade the province of the jury, if, for this reason, it entered a nonsuit against the plaintiff.

Argued March 6, 1905. Appeal, No. 149, Jan. T. 1904, by plaintiff, from judgment of C. P. Northampton Co., April T., 1902, No. 61, on verdict for defendant in case of Laura Bartholomew v. Oscar E. Kemmerer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SCHUYLER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for defendant.

*Error assigned* was in giving binding instructions for defendant.

*Calvin F. Smith*, for appellant.—A proper appliance was not furnished to plaintiff: Titus v. R. R. Co., 136 Pa. 618; Cunningham v. Bridge Works, 197 Pa. 625.

Before putting an inexperienced employee in charge of dangerous machinery, with the use of which he is unacquainted, it is the positive duty of the employer to instruct and properly qualify him for such new service: Levy v. Rosenblatt, 21 Pa. Superior Ct. 543; Lebbering v. Struthers, 157 Pa. 312; Finnerty v. Burnham, 205 Pa. 305.

The case at bar is on all fours with the case of Doyle v. Pittsburg Waste Co., 204 Pa. 618.

By changing a machine so as to make it more dangerous, an employer assumes the duty of giving notice of the additional hazard: Ryan v. Chelsea Paper Mfg. Co., 69 Conn. 454 (37 Atl. Repr. 1062).

*A. Goldsmith,* with him *W. C. Shipman,* for appellee.—We contend from the testimony that no negligence whatever has been shown in this case on the part of the defendant. The fact that the plaintiff was injured by the mangle while in the employ of the defendant does not convict him of negligence. An employer is not an insurer: Titus v. R. R. Co., 136 Pa. 618; Service v. Shoneman, 196 Pa. 63; Keenan v. Waters, 181 Pa. 247; Higgins v. Fanning, 195 Pa. 599; Lehman v. Carbon Steel Co., 204 Pa. 612.

A servant or employee assumes all the risks of all dangers of his employment, however they may arise, against which he may protect himself by the use of ordinary observation and care: Fricker v. Penn. Bridge Co., 197 Pa. 442; Diehl v. Lehigh Iron Co., 140 Pa. 487; Augerstein v. Jones, 139 Pa. 183; Hart v. Allegheny County Light Co., 201 Pa. 234; Kaufhold v. Arnold, 163 Pa. 269; Nuss v. Rafsnyder, 178 Pa. 397; Becmisch v. Roberts, 143 Pa. 1; Masterson v. Eldridge, 208 Pa. 242.

OPINION BY MR. JUSTICE MESTREZAT, March 20, 1905:

The defendant's negligence and the plaintiff's contributory negligence were for the jury and not for the court to determine. The plaintiff is an illiterate German woman, whose knowledge of the English language was so deficient that the learned trial judge evidently failed to comprehend the import of her testimony. She entered the service of the defendant in 1902, and was then employed in his box factory. Subsequently, she was transferred to his laundry and was engaged in ironing by hand. She was next put to work by her employer at a mangle, which was her first experience at this kind of labor. In operating this machine, the plaintiff was protected by a top over the rolls which prevented the fingers or hand of the operator from being drawn into the machine and

coming in contact with the rolls. On one occasion, the plaintiff was compelled to be absent from her employment for two weeks or more by reason of the illness of her daughter. On her return to the laundry the defendant informed her she could have her old job again at the rolls. She immediately went to the place in the laundry where she had previously been employed to resume her work on the mangle. She found there a different machine which the defendant had substituted in place of the former mangle during her absence. It was a Wilson mangle and different in construction from the one on which she had previously worked. It had no top over the rolls for the protection of the operator. The first time the plaintiff made an attempt to operate the machine her hand was drawn into it and badly injured. This action was brought to recover damages for this injury, which the plaintiff alleges was caused by the negligence of the defendant. It is claimed by the plaintiff that the defendant was negligent in furnishing a defective and unsafe mangle and in not instructing her how to operate the machine.

It is conceded that the Wilson mangle is a modern, up-to-date machine and is so regarded by the trade. But it is claimed by the plaintiff that when she was put to work on it, the wooden guard which is in front and a part of a complete machine and is used for the protection of the operator had been removed and that, thereby, the machine became dangerous to the person feeding it. The plaintiff alleges she knew nothing about the machine or its construction, and did not know that a perfect Wilson machine had a guard in the front to protect the operator. She thought, as she alleges, it was so constructed that it could be operated with safety and was ignorant of any danger in feeding the machine in the absence of a guard rail. It is admitted that she received no instructions as to the manner of operating the mangle.

The learned counsel for the appellee, in their printed argument, say: " The question (for consideration here) is solely one of fact and reduces itself down to whether there was a guard upon the mangle through which the plaintiff was injured." It is further said in the appellee's printed argument that " this assertion (that there was no guard upon the machine) is directly and flatly contradicted by the evidence of

all the witnesses as aforesaid with the exception of the plaintiff herself, who lamely admits that she does not even know what a guard is." And for this reason the appellee maintains that the court was right in withdrawing the question from the jury. This view fails to discriminate between the province of the court and that of the jury in the trial of causes. All controverted questions of fact, supported by testimony, are for the jury to ascertain and determine from the evidence. And the duty of the court and jury respectively does not depend upon the number of witnesses testifying on either side. There may be but one witness called to support the plaintiff's case, while on the other hand, the defendant may support his contention by a great many witnesses, yet the court would unquestionably invade the province of the jury, if, for this reason, it entered a nonsuit against the plaintiff.

We think the plaintiff's testimony as to there being a guard on the mangle when she was injured was sufficient to go to the jury on that question, and that she was partly corroborated by at least another witness. She testified positively and distinctly that there was no guard on the machine when she commenced to operate it, that the machine was open and that she could see the bare rollers. In reply to the questions of counsel she reiterated her testimony as to this fact. The appellee, however, says her testimony is " absolutely unintelligible " because his counsel having asked her what a guard is, she replied, " I don't know." Her defective knowledge of the language and lack of familiarity with the machine fully account for her answer. Almost in immediate connection with their former question, the counsel asked her again : " And you don't know what a guard is, do you ? " To which she answered : " No, it wasn't on." To another question of similar import, she replied that " it was all bare when I was there." It is very probable that she did not know the name of the piece of wood used to protect the hands of the person operating the machine and which is called a guard. This, however, does not discredit her testimony, but, on the other hand, tends to show her ignorance of the machine at which she was put to work and the consequent necessity for instructions. Her testimony discloses her illiteracy and the fact that very frequently she did not comprehend the counsels' questions.

The plaintiff was to some extent corroborated by the testimony of Mr. Driesbach, the expert. He testified that "if that guard was in place, that girl could n't see in and see those bare rolls. . . . When a person sees a bare roll I would take it for granted that the machine was unguarded." If she tells the truth as to seeing the bare rolls of the machine, Driesbach corroborates her as to the absence of a guard from the mangle at the time she met with the accident. It is quite true that he testified that the Wilson mangle was manufactured and sold with a railed guard. But he did not see this machine on the day of the accident, and of course could not testify that there was a railed guard on it at that time.

The appellee called three witnesses who testified that the guard was on the machine at the time the plaintiff was injured. The number of witnesses to that point was clearly with the appellee. But that fact did not withdraw the question from the jury. The credibility of the witnesses, including the plaintiff, was solely for the jury and should have been submitted to them.

The learned trial judge directed a verdict for the defendant because the plaintiff's "case falls clearly within the inflexible rule that an employee assumes all open and obvious risks which he had had an opportunity to ascertain that are incident to the discharge of his duties." The legal proposition announced by the court is correct, but he was in error in holding that it withdrew this case from the jury. Mr. Driesbach, the expert, testified: " Q. State what is the ordinary kind of mangle used and generally used by the trade, a guarded or an unguarded mangle? A. A guarded mangle, sure. . . . Q. In all laundries that you have been in, and that you know anything about, state whether or not they generally use the guarded mangle. A. Yes, sir, always, to the best of my knowledge. . . . Q. Assuming that the mangle we are talking about was a Wilson mangle, was then a guard proper at that or not proper? A. Yes, sir. . . . . Q. And if a Wilson machine did not have a guard on, then it was not properly equipped? A. No, sir. . . . Q. Is a guarded machine more or less dangerous than an unguarded? A. Sure, a guarded machine is less dangerous than an unguarded." It was the contention of the plaintiff, which it will be observed is

supported by this testimony, that the mangle, with which she had had no former experience, was defective, and not a safe machine by reason of the absence of the guard. It was further claimed by her that she had received no instructions how to operate this machine, with or without a guard. The jury would have been justified in sustaining her contention as to these matters under the evidence submitted to them. The plaintiff by virtue of her employment did not assume the risk of defective machinery, as we have time and again decided. " The general rule that a workman assumes the risks incident to his employment when he enters upon it," says Mr. Justice WILLIAMS in Rummel v. Dilworth, 131 Pa. 509, " is well settled, but its application is subject to certain qualifications. He certainly has the right to expect his employer to provide machinery, tools and appliances that are reasonably safe. for his use, and he assumes no risks growing out of their defective character unless he has been fully advised that they are defective and dangerous." Cargill v Philadelphia Towel Supply and Laundry Co., 185 Pa. 269, was an action for injuries received by a girl while engaged in feeding a mangle. In its facts and the questions for determination, it resembles very much the case in hand. There, it was claimed by the defendant company that the plaintiff was employed only to shake out the towels and not to help generally in the laundry, which included operating the mangle. Soon after her employment she commenced to work at the mangle by which she was injured. The evidence was conflicting as to whether she was instructed regarding the work, and as to the necessity for instructions. The mangle had no guard on it and the evidence was conflicting as to whether a guard increased or decreased the danger. The plaintiff's hand was caught in the mangle while she was feeding towels to it, but she was unable to say how it had happened. The plaintiff alleged that the defendant was negligent in taking her from the employment for which she was hired, and putting her to a more dangerous employment, without having given her proper instructions as to the danger of the new employment, or as to the manner in which she should work upon the machine ; and that the mangle was negligently maintained by defendant in that the protection or guard, which should have been in place to prevent plaintiff's hand from

being drawn into the mangle, had been suffered to be away from its proper place. These, it will be observed, are the negligent acts complained of in this action. At the conclusion of the testimony in the case cited, the court was requested, as here, to direct a verdict for the defendant, but the request was refused and the case was submitted to the jury which returned a verdict for the plaintiff. This court affirmed the judgment entered on the verdict, thereby holding that the case is for the jury where the evidence is conflicting as to whether the plaintiff was properly instructed before being placed at work at the mangle, whether the absence of a guard rendered the machine more dangerous, and whether the plaintiff herself was guilty of contributory negligence. These were the questions raised in the case at bar, and the learned judge was in error in directing a verdict in favor of the defendant on the ground that the plaintiff assumed the risk of her employment.

The assignments of error are sustained and the judgment is reversed with a venire facias de novo.