Robert Whitaker, by his father and next friend, Henry C. Whitaker, v. George Campbell and James D. Blackwood, trading as George Campbell & Co., Appellants.

187
20 SC
113
237

*Evidence—Expert testimony—Opinion of witness.*

Where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue the description by the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in a position to make the final decision of facts.   But where the circumstances can be fully and adequately described to the jury, and are such that their bearings on the issue can be estimated by all men without special knowledge or training, opinions of witnesses, expert or other, are not admissible.

In an accident case where the description of the machine which injured the plaintiff and its operation tend to establish the fact of danger by establishing other facts from which danger may be inferred, but the inference is to be based on special knowledge and experience in the use of such machine, the opinion of a witness having such special knowledge and experience may be given after he has described the machine to the jury.

VOL. CLXXXVII—8

*Negligence—Charge of court—Mistake as to fact—Review.*

In an action by an employee against his employer to recover damages for personal injuries, the court charged that the plaintiff had given two weeks' labor for the purpose of being properly instructed. The evidence, however, was that, without any contractual relation, he was permitted to go with an employee about the defendant's mill for the purpose of being instructed. The remaining part of the charge fairly presented the duty of the defendants to give proper instructions to the plaintiff. *Held*, that the mistake in the charge was not such error as would call for a reversal of a judgment in favor of the plaintiff.

Argued March 31, 1898. Appeal, No. 35, Jan. T., 1898, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 530, on verdict for plaintiff. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that plaintiff, a boy sixteen years old, was working at a carding machine in defendant's woolen mill, and was hurt while cleaning the machine. William Montague was called by plaintiff as an expert and, after having described the machine and its operation, testified:

" Q. Is it a safe direction for the boss or overseer to order a boy to clean that machine off when the other roller is in motion?"

Objected to. Testimony admitted. Bill sealed for defendants.

" A. It is certainly an unsafe direction under any circumstances." [5]

The court charged in part as follows:

In order to properly understand the case, it is important for the jury to consider the circumstances of the case. It appears from the evidence that the defendants were the owners of a mill, and that the boy was in their employ at the time of the accident. [It also appears that the boy had no knowledge of the business or its requirements, or the means by which the work was to be performed, until he entered the employment of the defendant. It also appears from the evidence that he gave two weeks' labor for the purpose of being properly instructed in his duties as an employee of the defendant. That very fact called upon the employer, either by himself or his proper agent, to teach the boy and give him the instructions necessary and

proper to enable him to be a useful laborer for the defendant, and also to ascertain what the duties of his employment were, and the machine and everything by which his duties were to be performed.] [1] There is no evidence to show that two weeks was not sufficient time for all these purposes, and therefore it may be safely assumed by the jury that two weeks' time was sufficient to understand all the duties required of the boy and ascertain exactly what the danger and incidents of that employment might be.

At the outset I might say that the evidence clearly shows that the machine upon which the boy was working and the duties required of him were not at all dangerous if the machine was properly used. It clearly appears that no accident could have happened in this case if the boy had not attempted to clean the machine, or a portion of it, whilst it was in operation.

[When an adult enters into the employment of a person like the defendant and receives regular wages, he is presumed to know, from the very fact that he accepts the wages and the employment, the danger of the employment, and he cannot recover from the employer if an accident occurs through his own negligence or the dangerous character of the machine. Whenever a person employs a boy of sixteen years of age, whom he knows had no knowledge of the employment, and requires of him two weeks' labor in which to be taught, then the law requires that such employer shall, in the first place, give him the fullest instruction, so that the boy may be competent to perform his duties and perform them safely and un derstand the machinery which he is operating and its dangers.

I do not recollect any evidence in this case to show what special instructions the defendant gave to this boy during that time. The only evidence upon that subject is that of the foreman, who testified that he told him certain things to be done. But there is no other evidence of instruction—no evidence that the danger of this machine was pointed out to him—nor is there any evidence, except as I shall refer to hereafter, that he was told how it could be safely operated and how it would be unsafe to operate the machine.] [2]

[The jury must consider, from all the evidence in the case— the evidence of the plaintiff as well as the defendant—what instructions were given to the boy; I do not recollect that

even the foreman said that he instructed the boy not to clean it while in operation.  If I am in error about that, counsel will correct me.  The whole tenor of his testimony was that he told him not to clean it unless he rolled up his sleeves.  It is your duty to say whether or not, under all the evidence and the circumstances of this case, the defendant, either by himself or those whom he employed—considering the boy's age—gave him proper instructions how to use and manage that machine.  If you find from the evidence that such proper information and direction has not been given, then you can come to no other conclusion than that the defendants did not perform their full duty to the boy, and in not performing it the defendants were guilty of negligence.]  [3]

[When a minor comes into court, it is always a difficult question for the jury to determine.  Sometimes the jury may make a mistake by considering a minor, no matter how nearly twenty-one years of age he may be, as irresponsible for anything, and not required to exercise ordinary care and prudence, and when jurors do that they are simply taking that much money from the defendant against the law and against common sense.  On the other hand, the jury may make a mistake and consider a boy of sixteen years of age as competent as a boy twenty-one years of age.  I have nothing to say as to that except that it is the duty of the jury always to consider the age of the boy and his intelligence, and what would naturally and ordinarily be expected of a boy of that age under the circumstances of the case.  The jury must come to a fair and conscientious disposition of this case.  That is to say, that they will expect from the plaintiff, the boy, the ordinary care and discretion which, under the circumstances, should have been exercised by him.]  [4]

Verdict and judgment for plaintiff for $3,000.  Defendants appealed.

*Errors assigned* were (1–4) above instructions; (5) ruling on testimony, quoting the bill of exceptions.

*Frank P. Prichard*, with him *James Wilson Bayard*, for appellant.—The opinion of the witness Montague was improperly admitted.

The court charged the jury erroneously as to a supposed contract for instruction, and as to the rights of the employee thereunder: Zurn v. Tetlow, 134 Pa. 213; Kaufhold v. Arnold, 163 Pa. 269; Bohn Mfg. Co. v. Erickson, 12 U. S. App. 260; Lowcock v. Franklin Paper Co., 47 N. E. Rep. 1000; Collins v. Laconia Car Co., 38 Atl. Rep. 1047.

*Josiah R. Adams*, with him *Samuel B. Huey*, for appellee.— It is submitted that this case should be ruled by Rummel v. Dilworth, 131 Pa. 509, and Tagg v. McGeorge, 155 Pa. 368.

OPINION BY MR. JUSTICE FELL, July 21, 1898:

The admission of the opinion of a witness to supplement his description is a subject that has been considered in a number of recent cases, in the last of which (Auberle v. McKeesport, 179 Pa. 321), it was said by our Brother MITCHELL: " The rule on this subject is that where mere descriptive language is inadequate to convey to the jury the precise facts or their bearing on the issue, the description by the witness must of necessity be allowed to be supplemented by his opinion, in order to put the jury in a position to make the final decision of the facts. But where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or other, are not admissible. The rule in this form was settled in Graham v. Penna. Co., 139 Pa. 149."

The fact in issue which the testimony objected to tended to establish was the danger of cleaning the machine while the roller was in motion. This was not a danger which was obvious, or which came within the range of common experience. The description of the machine and its operation tended to establish the fact of danger by establishing other facts from which it might be inferred, but the inference was to be based on special knowledge and experience in the use of such machines. As it was by no means clear that the descriptive language was adequate to convey to the jury the facts in relation to the operation of the machine or their bearing on the issue, there was ground for the evidence of opinion.

The statement in the charge that the plaintiff had given two

weeks' labor for the purpose of being properly instructed was not fully justified by the testimony, as the fact appears to be that he was permitted to go about the mill with an employee for the purpose of being instructed. But we do not understand the instruction complained of to have been based on a supposed contractual relation, but on the general duty of an employer to instruct a boy in the use of dangerous machinery, and the fact that the defendants had recognized the necessity of instruction, and had undertaken to give it. The charge as a whole fairly presented the question at issue to the jury, and we find no error which calls for a reversal of the judgment.

The judgment is affirmed.