## Haggerty v. Pittston Borough.

*Negligence—Parent and child—Survival of action for death of child.*

Where a father brings an action of trespass to recover damages for the death of his minor daughter alleged to have been caused by the negligence of the defendant, and it appears that the daughter left neither mother, husband nor children to survive her and the father dies before the case has been brought to trial, the personal representative of the father may be substituted, and may prosecute the suit.

Argued Jan. 16, 1901. Appeal, No. 44, Jan. T., 1901, by defendant, from judgment of C. P. Luzerne Co., March T., 1885, No. 42, on verdict for plaintiff, in case of Patrick Haggerty, administrator of Anthony Haggerty v. The Borough of Pittston. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for death of minor daughter. Before HALSEY, J.
The facts appear by the opinion of the Superior Court.
Verdict and judgment for plaintiff for $600. Defendant appealed.

*Error assigned* amongst others was in refusing to give binding instructions for defendant.

*Francis Bohan*, for appellant.—By article 3, section 21 of the constitution of Pennsylvania, only such persons as have been designated by the legislature may maintain an action, and the persons who may now exercise said right of action are those, and those only who could do so at the time of the adoption of the constitution: Books v. Boro. of Danville, 95 Pa. 158.

The parent's action being a personal one would not at common law survive the death of the parent: Grim v. Carr, 31 Pa. 533.

The 26th section of the Act of 1834, P. L. 70, permits the administrator to be substituted " if the cause of action doth by law survive to them," and the 28th section of the same act provides what actions shall survive to the administrator, and excepts causes of action " for wrongs done to the person:" Moe v. Smiley, 125 Pa. 141; Grim v. Carr, supra.

The foundation of the cause of action in this case is "for wrong done to the person " of the child culminating in its death: Hill v. Penna. R. R. Co., 178 Pa. 228; Moe v. Smiley, 125 Pa. 141; Birch v. Pittsburg, etc., Railway Co., 165 Pa. 346.

In Hughes v. Del. & Harmon Canal Co., 176 Pa. 260, an action by a widow for the death of her husband under this same act of 1851, as amended in 1855, the court says: " The foundation of her claim was the injury to him."

It is doubtful if the act of 1834 can in any event be said to apply to a statutory action which had no existence until 1855.

*E. A. Lynch*, of *Lenahans & Lynch*, with him *M. N. Donnelly*, for appellee.—On the father's death his administrator, Patrick Haggerty, has the right to prosecute and recover this species of property as assets: North Penna. R. R. Co. v. Robinson et al., 44 Pa. 178; Maher v. Phila. Traction Co., 181 Pa. 395.

OPINION BY RICE, P. J., May 23, 1901:

Anthony Haggarty brought this action of trespass to recover damages for the death of his minor daughter, alleged to have been caused by the negligence of the defendant. He was her sole surviving parent and she left no husband or children. After the case had been put at issue, but before it was brought

to trial, Anthony Haggarty died.   The question is, whether his personal representatives could be substituted and prosecute the suit as he might have done if he had lived.   The court below in a carefully considered opinion filed by Judge WOODWARD, which was followed by Judge HALSEY, who tried the case, determined this question in the affirmative.   This ruling is the only matter assigned for error.

Section 18 of the Act of April 15, 1851, P. L. 669, 674, provides that no action thereafter brought to recover damages for injuries to the person by negligence or default shall abate by reason of the death of the plaintiff, but the personal representatives may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction.   Section 19 of the same act is as follows : "That whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow, the personal representatives, may maintain an action for and recover damages for the death occasioned."

By the Act of April 26, 1855, P. L. 309, it was provided as follows : "That the persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative ; and the sum recovered shall go to them in proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors."   In connection with this legislation it is appropriate to call attention to the 21st section of the 3d article of the constitution of 1873, which provides that in case of "death from injuries, the right of action shall survive and the general assembly shall prescribe for whose benefit such actions shall be prosecuted."   As we have seen, the legislature had already provided for whose benefit the action shall be prosecuted, and no change in the law has been made by subsequent legislation which affects this case.   It follows that this action was properly brought by the father of the deceased, and that, as she left neither mother, nor husband nor children to survive her, it was to be prosecuted for his sole and exclusive benefit. The purpose of these statutes is to make provision for members of the family of the deceased who might naturally have calculated on receiving support or assistance from the deceased had

he survived: Cooley on Torts, 269. The law treats the value of the life lost as a species of property (North Pennsylvania R. R. Co. v. Robinson, 44 Pa. 175), which in the present instance was vested in the father. Even if it be conceded that the action is of the excepted class referred to in the 26th section and expressly mentioned in the 28th section, of the Act of February 24, 1834, P. L. 77, it requires no straining of the language of the 18th section of the act of 1851 to hold that it is within its remedial provisions. We therefore concur with the court below in the conclusion that the action did not abate upon the death of Anthony Haggarty.

Judgment affirmed.