## Brislin v. Kingston Coal Company, Appellant.

*Negligence—Master and servant—Dangerous employment.*

When the work which an employee is set to do, may be done in different ways, one of which is dangerous, but which experience has taught may be safely done in another manner, then the inexperienced employee is entitled to instruction as to the way in which it ought to be done.

In an action by a boy fourteen years old against his employer, a mining company, to recover damages for personal injuries, the case is for the jury, and a judgment and verdict for the plaintiff will be sustained where it appears that a month before the accident, plaintiff had been placed at work without previous experience, in keeping coal moving in chutes, that this work while dangerous was not so obviously dangerous as to deter a prudent person from doing it, and that the evidence as to whether the plaintiff had been properly instructed was contradictory.

Argued Jan. 13, 1902. Appeal, No. 6, Jan. T., 1902, by defendant, from judgment of C. P. Luzerne Co., May T., 1898, on verdict for plaintiff in case of Dennis Brislin, Guardian of James Noonan, v. Kingston Coal Company. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

234, (1902).]   Assignment of Errors—Opinion of the Court.

*Error assigned* was in submitting the case to the jury.

*H. W. Palmer* and *A. L. Williams*, for appellant, cited : Titus v. Bradford, etc., R. R. Co., 136 Pa. 626; P., W. & B. R. R. Co. v. Keenan, 103 Pa. 124; Nagle v. Allegheny Valley R. R. Co., 88 Pa. 35; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610 ; Delaware, Lack. & West. R. R. Co. v. Cadow, 120 Pa. 559; Robb v. Connellsville Borough, 137 Pa. 42; Barnes v. Sowden, 119 Pa. 53; Drake v. Penna. R. R. Co., 137 Pa. 352; Colorado Central R. R. Co. v. Martin, 7 Colo. 592.

*D. L. Creveling*, with him *J. Q. Creveling*, for appellee, cited: Baker v. Irish, 172 Pa. 528; Kohler v. Penna. R. R. Co., 135 Pa. 346; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610; Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219; Penna. Coal Co. v. Nee, 13 Atl. Repr. 841; McKeever v. Westinghouse Electric & Mfg. Co., 194 Pa. 149; Lebbering v. Struthers, Wells & Co., 157 Pa. 312; Kilkeary v. Thackery, 165 Pa. 584; Valentine v. A. Colburn Co., 10 Pa. Superior Ct. 453; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389; Reese v. Clark, 198 Pa. 319; Braunschweiger v. Waits, 179 Pa. 51 ; Stapleton v. Citizens' Traction Co., 5 Pa. Superior Ct. 253; Hale & Kilburn Mfg. Co. v. Norcross, 199 Pa. 283 ; Bamford v. Pittsburg, etc., Traction Company, 194 Pa. 20; Allen v. Line, 11 Pa. Superior Ct. 517; Kehler v. Schwenk, 151 Pa. 520; Rummel v. Dilworth, 131 Pa. 509; Smith v. Hillside Coal & Iron Co., 186 Pa. 28; Coombs v. New Bedford Cordage Co., 102 Mass. 572; Gates v. State, 128 N. Y. 221.

OPINION BY W. D. PORTER, J., April 21, 1902 :

The plaintiff, a boy fourteen years of age, had been employed about the works of the defendant company for almost two years prior to receiving the injuries out of which this case arose. He had first worked at picking slate, which employment did not bring him in contact with the machinery by which he was subsequently injured.   About two months prior to the accident the plaintiff was put to work at cleaning the dust chutes, but in that occupation there was nothing to familiarize him with the operation of the machinery.   About a month before the accident, the plaintiff was directed to discharge the duty of keeping

the coal moving in a certain device called a telegraph, which consisted of two chutes leading from a point below the revolving screen in a hopper, one to each side of the lower part of the building. These two chutes declined from a common apex, called the knuckle, which was directly below the center of the revolving screen and about eight inches distant therefrom. The coal after passing through the revolving screen would sometimes clog upon the knuckle and the upper part of the chutes, the result of which was that all the coal passing through the screen would pass down one of the chutes, instead of supplying both sides of the works below. To obviate this it was necessary for the plaintiff, by the use of a scraper or in some other manner, to start moving the coal which had so lodged in the device used for carrying it to the lower screens. The plaintiff, while starting the coal which had clogged at the knuckle and in the upper part of the chute, had his foot caught between the coal and the revolving screen which drew him through the narrow opening, inflicting serious injuries. There was evidence which would have justified a finding that there was danger in doing the work in the manner in which the plaintiff was discharging the duty. The plaintiff prior to being put at this particular work had been without experience as to the manner in which it ought to be done and had no notice of the danger involved save that which was apparent from the character of the work. If the testimony of the plaintiff was to be believed he had never seen the work done until he himself was put to do it. He testified explicitly that he was told by the foreman in charge of the breaker "to go up there and clean out them bottom chutes, that they were going to run the other side of the breaker," and that he continued to discharge that duty for about a month in precisely the same manner in which he was doing it at the time he was hurt. The chutes in question were called the bottom chutes because they started from the bottom of the hopper and under the screen. He testified that he did this work in addition to keeping the dust chutes clean, the latter being above the platform, and that he would go down under the screen to do the work every time when the coal was blocked; that he used to go down ten or twelve times a day. He testified absolutely that he was not in any manner instructed as to how the work was to be done or cautioned as to any dan-

gers to be avoided. The defendant called witnesses who testified that the proper and safe way in which to do the work was to use a scraper and reach down from a platform which was about seven feet above the point where the coal lodged, and that to go down under the screen to start the coal was dangerous. A number of witnesses were called who testified that the plaintiff had been instructed as to the manner in which to do the work and that he had been warned of the danger of going down below the screen to start the coal moving. These witnesses further testified that the coal which lodged at the knuckle and in the extreme upper part of the chutes could not be reached from the platform and that the proper way to clear out that part of the device was to wait until the machinery stopped and remove the coal when the screen was still. The youth and inexperience of the plaintiff imposed upon the defendants the duty of instructing him as to the dangers involved in his employment and the proper manner in which to avoid such dangers If, while the machinery was in motion, it was safe to clean only a part of the chutes, the inexperience of the plaintiff entitled him to a warning as to how far he was to carry his operations. That duty would not be met by giving him a general direction to keep the chutes clear of coal, without enlightening his ignorance by telling him the part of the chutes which was to be kept clear and the manner in which it was to be acomplished. When the work which an employee is set to do may be done in different ways, one of which is dangerous but which experience has taught may be safely done in another manner, then the inexperienced employee is entitled to instruction as to the way in which it ought to be done: Sheetram v. Trexler Stave & Lumber Company, 13 Pa. Superior Ct. 219; Lebbering v. Struthers, Wells & Company, 157 Pa. 312; Kilkeary v. Thackery, 165 Pa. 584; Smith v. Oil City Tube Company, 183 Pa. 485; Cargill v. Philadelphia Towel Supply & Laundry Company, 185 Pa. 269; Whitaker v. Campbell, 187 Pa. 113.

The defendant conceded that the character of the work was such as to require the instruction of an inexperienced employee, and called a number of witnesses to prove that such instruction had been given. This raised a question of fact upon which the evidence was directly contradictory, and the determination

of that question was for the jury: Kohler v. Pennsylvania Railroad Company, 135 Pa. 346; Baker v. Irish, 172 Pa. 528. When the testimony of the witnesses is irreconcilable as to the material facts, the doctrine recognized in Lonzer v. Lehigh Valley Railroad Company, 196 Pa. 610, has no application. The learned judge of the court below submitted this disputed question of fact to the jury with instructions of which the defendant has no just ground for complaint. The jury found that the plaintiff had not been instructed as to the manner in which to do his work, or the danger which it involved.

A careful review of the testimony has failed to convince us that the danger involved in the employment was so visible and immediate that, in the absence of instruction, the plaintiff must be presumed to have been guilty of contributory negligence in the manner in which he did the work. While it must be conceded that it was somewhat dangerous to remove the coal from directly under the screen while the latter was in motion, it can hardly be said as matter of law to have been so imminently dangerous, that no prudent person would do so, because the plaintiff testified that he did do this work for an entire month. The contributory negligence of the plaintiff was, in view of his inexperience, a question of fact for the jury: Bennett v. Standard Plate Glass Company, 158 Pa. 120; McKeever v. Westinghouse Electric & Manufacturing Company, 194 Pa. 149.

The judgment is affirmed.