## Gulla *v.* Lehigh Valley Coal Company, Appellant.

*Negligence—Mining company—Master and servant—Guard rail—Act of June* 2, 1891, *P. L.* 176.

A mining corporation which neglects to provide a guard rail for a dangerous platform, as provided by the Act of June 2, 1891, P. L. 176, is liable in damages for the death of an employee who is killed while on the platform in pursuance of orders from the mine foreman, and while engaged in the performance of his work.

*Negligence—Death—Damages—Parent and child—Act of June* 2, 1891.

Under the Act of June 2, 1891, a woman is entitled to damages for the negligent killing of her minor son, although she may at the time of the accident have been married a second time, and the son may have been living with his mother and stepfather.

The wages of a minor boy, killed by the negligent conduct of another, may be considered in ascertaining the value of his life to his parents. Such evidence is strong but not conclusive evidence of the boy's earning capacity.

Argued Jan. 11, 1905. Appeal, No. 48, Jan. T., 1905, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1900, No. 713, on verdict for plaintiff in case of Mary Gulla v. Lehigh Valley Coal Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for the death of a minor. Before LYNCH, P. J.

At the trial it appeared that the boy was killed by falling off a platform while working in a mine. The platform was not provided with a guard rail.

Defendant presented these points:

1. That the plaintiff's testimony established the fact that at the time of the accident she was the wife of George Gulla, and that the said George Gulla stood in loco parentis to the deceased, boarding and clothing him and paying his funeral expenses, therefore no suit can be maintained by the plaintiff in her own name for damages against the defendant resulting from his death. *Answer :* Refused. [1]

2. That under the plaintiff's testimony the deceased was sixteen or seventeen years old at the time he was hurt, and therefore capable of judging of danger surrounding his employment; that if the plaintiff's theory of the accident is correct,

the want of a railing along the plank walk was obvious; that she does not prove that any complaint was made to the defendant company by the deceased or any other person. Therefore if the accident was caused, as the plaintiff alleges, by want of a railing, the deceased must be held to have accepted the risk of danger arising from that cause and therefore the verdict of the jury must be for the defendant. *Answer :* Refused. [2]

3. That under the evidence in the case, it appears, without dispute, that the defendant committed their work to superintendents and bosses whom the law compelled them to employ, and whose duty it was to keep the working places of the men as the law provides, and that the defendants furnished all necessary lumber and material to construct platforms and railings, therefore the defendants did the full measure of their duty and if an accident occurred for want of a railing the negligence was that of a fellow-servant and the verdict must be for the defendant. *Answer :* Refused. [3]

The court charged in part as follows :

[The boy, according to the testimony of his mother, at the time of his death, was sixteen or seventeen years of age. He had been earning as a slate-picker, seventy-five cents a day ; a few weeks or whatever time he worked at the jigs he had been earning ninety cents a day. She would be entitled to his earnings until he was twenty-one. From that you should deduct the expense of keeping him, his clothing and whatever little spending money was proper for him, his board and such expenses as father or mother in this woman's circumstances would give to her child, the balance or what remained, would be, under the law, just compensation. You may take into account, too, if the evidence warrants you doing so, whether this boy would earn more wages in the occupation in which he was or would probably be from the time he was killed until he was twenty-one years of age and base your verdict on that.] [4]

Verdict and judgment for plaintiff for $1,179.80. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. B. Woodward* and *Thomas Darling*, of *Woodward, Darling & Woodward,* with them *H. W. Palmer.*—If a stepfather re-

ceives a child into his home and holds him out to the world as a member of his family, he stands in loco parentis : Lantz v. Frey, 14 Pa. 201 ; Hendershot v. West End Coal Co., 10 Kulp, 574.

A boy between sixteen and seventeen is presumed to have sufficient intelligence to know of the patent danger of feeding a circular saw : Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219 ; Madara v. Pottsville Iron & Steel Co., 160 Pa. 109 ; Nuss v. Rafsnyder, 178 Pa. 397.

The operator of a coal mine fulfills the measure of his duty to the employees if he commits his work to careful and skillful bosses and superintendent who conduct the same to the best of their skill and ability : Waddell v. Simoson, 112 Pa. 567 ; Durkin v. Kingston Coal Co., 171 Pa. 193.

*Edward A. Lynch*, with him *John T. Lenahan*, for appellee. —The law treats the value of the life lost as a species of property. which in the present instance was vested in the mother : Haggerty v. Pittston Boro., 17 Pa. Superior Ct. 151; Allen's Est., 207 Pa. 325.

An employee must not only know the circumstances, but he must also appreciate the risk before he will be held to have assumed it. He is not equally bound with his employer to know whether appliances are reasonably safe and in ordinary use ; and he does not assume the risk upon the employer's failure to provide such as are proper : Patterson v. R. R. Co., 76 Pa. 389 ; Bannon v. Lutz, 158 Pa. 166 ; Brislin v. Kingston Coal Co., 20 Pa. Superior Ct. 234.

Assumption of risk, in such instances, where the injury grows out of a failure by the employer to perform a statutory duty, has been held not to be a defense, while contributory negligence may be. In the present case the appellant got the full latitude of the latter defense : Labot on Master and Servant, vols. 1 and 2, pages 632–1902 ; Harrison v. Central R. R. Co., 31 N. J. L. 293, and many other cases cited in vols. 1 and 2 of Labat on Master and Servant, pages 632–1902 ; Cambria Iron Co. v. Shaffer, 8 Atl. Repr. 204; Silliman v. Marsden, 9 Atl. Repr. 639 ; Vanesse v. Coal Co., 159 Pa. 403 ; Christner v. Coal Co., 146 Pa. 67.

If the principal be a corporation, or be unable to discharge

these obligations in person, they must be discharged through an officer, agent or foreman. The person who is thus put in the place of the principal, to perform for him the duties which the law imposes, is a vice principal, and quoad hoc represents the principal, so that his act is the act of the principal: Ross v. Walker, 139 Pa. 42.

OPINION BY HENDERSON, J., April 17, 1905:

The negligence charged against the defendant and established by the verdict of the jury was the failure to provide a guard rail along the platform or walk on which the plaintiff's son was at work at the time he sustained the injury which resulted in his death. It is the duty of the employer to provide reasonably safe appliances for the use of his employees in the prosecution of their work. In the case under consideration this duty was imposed by the fifth section of article 5 of the act of June 2, 1891. The matter of construction is not left to the discretion or judgment of the employer, but is specifically provided for. Screens, shafting and belting in breakers are to be protected by covering or railing so as to prevent persons from inadvertently walking against or falling upon them; and the sides of stairs, trestles and dangerous plank walks are to be provided with guard railing to prevent persons from falling over the sides. This duty relates to the structure of the plant, and is to be performed before the employee is subjected to the risk incident to its omission. Where, in the case of a corporation, the obligation must be discharged through an officer or agent, such officer or agent represents the principal, and his act is the act of the principal: Ross v. Walker, 139 Pa. 42. The defendant was bound by the regulations of the statute to see that the exposed position was protected before its machinery was set in motion and its servants subjected to danger. The cases of Waddell v. Simoson, 112 Pa. 567, and Durkin v. Kingston Coal Company, 171 Pa. 193, relate to the responsibility of the employer for negligence of an inside foreman in the prosecution of the work of a mine. The superintendents there referred to were certified foremen and in a sense state officers. The mine owners were limited in the selection of their foremen to this class. The law providing for their appointment cast upon them duties and responsibilities with

reference to which the owners had no control. The questions raised in the cases referred to involved the exercise of judgment and discretion by the mine foremen, and it was held with good reason that inasmuch as the owners were not at liberty to employ whomsoever they would, and inasmuch as the duties of mine foremen were prescribed by statute, the proprietors were not responsible for the lack of sound judgment or adequate care of such foremen. The reasoning in those cases does not apply to that now under consideration. The defendant could not only employ any person deemed suitable as outside foreman, but was bound before the duties of the foreman arose in prosecuting the work of the breaker, to have the safe appliance required by the statute for the protection of employees. The foreman is not permitted to exercise discretion with reference to this particular requirement. The duty is absolute.

We are not satisfied from the evidence that the danger was so obvious that the employee assumed the risk, even if we concede that this doctrine applies where the injury results from the employer's failure to perform a duty expressly enjoined by statute. The boy was in the position in which he was placed by the foreman, and was engaged in the performance of the task assigned to him. The platform had apparently been in use for a long time, and was not considered a position of imminent danger, for the foreman and the " breaker boss " daily saw employees of the company at work there : Bennett v. Standard Plate Glass Company, 158 Pa. 120 ; Brislin v. Kingston Coal Company 20 Pa. Superior Ct. 234. The question is one of a defective appliance, and this was submitted to the jury with adequate instructions.

It does not clearly appear that the stepfather stood in loco parentis. The plaintiff was married to her second husband a few months before the accident. Evidence was offered that the stepfather boarded his stepson and bought clothing for him, and that he paid his funeral expenses. There is evidence, however, that they were occupying the house in which the plaintiff lived before her second marriage, and that her son paid the rent out of his wages. Just what the family relation was does not appear in the evidence, nor do we consider it material. The plaintiff's right of action arises under the act of June 2, 1891. The value of the life lost is treated as a

species of property which, under the statute, belongs in this case to the mother : Haggerty v. Pittston Boro., 17 Pa. Superior Ct. 151.

We think the jury was not misled by the instructions of the court on the subject of damages. They were limited to a consideration of the evidence on the subject and to wages in employment of the character of that in which the plaintiff's son was engaged. The wages then earned were strong but not conclusive evidence of the boy's earning capacity. Compensation according to the evidence was the rule stated by the court, and particular attention was called to the age and wages of the deceased. The amount of the verdict was not excessive and indicates that the jury was controlled by the evidence on the subject. The assignments of error are overruled and the judgment affirmed.