## Scavello v. Perna, Appellant.

*Negligence—Master and servant—Dangerous machine—Insufficient instructions.*

In an action by an employee against his employer to recover damages for personal injuries resulting from the alleged neglect of the defendant to properly instruct the plaintiff in the use of a

circular saw, a verdict and judgment for plaintiff will be sustained where the evidence shows that the only instructions given plaintiff consisted of an opportunity to watch his boss saw three wedges out of lumber and an order to go on with the work.

*Appeals—Assignments of error—Answer to points.*

Assignments of error to answers to points violate Rule 15, and will not be considered, where they set out the points, but not the answers to the points.

Argued Oct. 19, 1916.    Appeal, No. 159, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 701, on verdict for plaintiff in case of Antonio Scavello v. Joseph Perna.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Errors assigned* were in the following form:

1. The court below erred in charging the jury as follows:

"It appears that among other things this saw was for cutting wedges, which required that a piece of wood one foot in length should be sawed diagonally across from one corner to the other making of the piece of wood two irregular triangles."

2. The court below erred in charging the jury as follows:

"In cutting diagonally or against the grain, and especially if a knot or nail were encountered, both the saw and the wood were apt to jump or jerk according to one witness for the defendant."

3. The court below erred in charging the jury as follows:

"If you believe this (plaintiff's) testimony then you may find as a fact that the defendant was negligent in not having instructed the plaintiff in the proper way of manipulating that saw so as to reduce the danger to a minimum. You would be entirely justified in finding as a fact that the mere sawing of three wedges, which would probably take but the fraction of a minute, would not be sufficient instruction to a man entirely unfamiliar with the operation of that kind of a dangerous machine."

4. The court below erred in refusing to charge the jury as requested by the defendant in his third point which is as follows:

"A circular saw is a known dangerous machine and the danger is apparent and the employee takes the risk of all such known dangers and cannot recover unless some defect in the machine is shown."

5. The court below erred in refusing to charge the jury as requested by the defendant in his sixth point which is as follows:

"The danger alleged which caused the injury was apparent and not such as required instructions as to the use of the machine."

6. The court below erred in refusing to charge the jury as requested by the defendant in his seventh point which is as follows:

"A jury cannot be permitted to guess a cause of injury and as the plaintiff has not shown any defect or want of proper appliance or negligence on part of defendant your verdict should be for defendant."

7. The court below erred in refusing to charge the jury as requested by the defendant in his eighth point.

"Under the evidence your verdict should be for defendant."

*Henry K. Fries,* for appellant.

*H. Goodfriend,* of *Goodfriend & Diamond,* for appellee.

OPINION BY WILLIAMS, J., March 13, 1917:

This was an action of trespass to recover for personal injuries resulting from the negligence of the defendant in failing to properly instruct the plaintiff in the use of a circular saw.

The testimony on behalf of the plaintiff was that he was employed by defendant as a blacksmith in March, 1915; that on July 15th, he was told by defendant's brother, a boss, to saw wedges out of lumber; that the operation consisted of cutting four- and six-foot pieces of 2 x 8 or 2 x 10 into one foot lengths and then sawing them diagonally from corner to corner by pulling the saw through the wood by means of a hand lever; that he had never done this sort of work before, although he had used the saw for cross-cut work for some ten days, at intervals, before the accident; that, in sawing diagonally through the wood, it had a tendency to jump as he discovered when he sawed his first wedge, for it caused his hand to be thrown against the saw resulting in the loss of one finger. The instructions given him consisted of an opportunity to watch his boss saw three wedges and an order to go on with the work.

For the defendant, a representative of the distributing agents for the saw testified that it could be operated by a foot lever so as to permit the use of both hands in steadying the wood; that this was the proper way to use it, and that a new man ought to be so instructed; that, in sawing across the grain, the saw would stick when it struck a knot, and should not be fed so fast. The gist of the defendant's testimony was that plaintiff was, or claimed to be, an experienced man with saws; that he had acted as a helper to the sawyer for some time before the accident; that he was operating the saw without authority when he was hurt; that the material used was not flat, two-inch lumber, but 3 x 4, and that the correct and safe way of sawing the wedges was to mark off the timber in one foot lengths and then take a full length timber and saw a wedge off along the diagonal of the

one foot length, cross-cutting the other wedge off, repeating this operation until the stick was practically used up, refraining from sawing the last foot or so in order to keep from getting the hand any nearer the saw blade than one foot. David Perna, the boss, denied giving the plaintiff any instruction, but said he had instructed the regular sawyer how to do the work.

The jury found a verdict for the plaintiff and judgment was entered thereon. From this judgment the present appeal has been taken.

The fourth, fifth, sixth and seventh assignments of error are not in conformity with the provisions of Rule 15, and will not be considered.

The first and second complain of the misstatement of the testimony by the court in its charge. The excerpts set out in these assignments, taken alone, might have been sufficient grounds for a reversal, but the court corrected the error by saying: "This in substance......is the testimony......but if I am in error, or have not gone sufficiently into detail, you will correct my error...... from your own recollection......My statement to you of the evidence is not binding upon you......and if I make any misstatement, you will correct me."

The third assignment objects to the court charging that if the jury believed plaintiff's testimony they might render a verdict for him. It is not only the duty of the master to warn a servant against the danger that lies in unskillful or careless operation of machinery involved in his task, but he must also give suitable instruction as to the manner of using the same so as to avoid danger: Sheetram v. Trexler Stave and Lumber Co., 13 Pa. Superior Ct. 219. It is his duty to warn inexperienced employees of dangers not obvious, but incident to their employment, and the failure to do so is negligence for which he is answerable: Kearns v. Carnegie Steel Co., 230 Pa. 328; Greenan v. Eggeling, 30 Pa. Superior Ct. 253. Where work may be done in two ways, one less dangerous than the other, and the employee is instructed to per-

form it in the more dangerous way, the negligence is more pronounced: Brislin v. Kingston Coal Co., 20 Pa. Superior Ct. 234; while the duty to warn of a latent danger, unobservable to the eye of an inexperienced servant, is absolute: Sage v. Lehigh Valley R. R. Co., 241 Pa. 49. Under the law the court could not have otherwise instructed the jury.

The crux of the case is that an inexperienced servant was set to work at a dangerous machine with inadequate and misleading instructions as to how it should be operated and was immediately injured. The danger was not so apparent to an inexperienced person as to charge him, as a matter of law, with an assumption of the risk.

The judgment is affirmed.