## Dougherty *v.* Dobson, Appellant.

*Negligence—Master and servant—Infant—Dangerous machinery.*

Where a boy thirteen years old employed in a cotton mill for the sole purpose of removing bobbins when machinery is at rest, is suddenly directed by the foreman of the mill to remove cotton threads which had blown into moving cogwheels, and the moving cogs draw the boy's hand into the machinery after he had taken hold of the threads, the question of the employer's negligence and the boy's contributory negligence is for the jury, and a verdict and judgment for the boy will be sustained, and this is the case although placards in the mill forbade employees under penalty of dismissal to clean machinery while in motion.

Argued Jan. 4, 1906. Appeal, No. 132, Jan. T., 1905, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1902, No. 3,409, on verdict for plaintiff in case of Thomas Dougherty, by his next friend and father, John A. Dougherty, v. John and James Dobson. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,500.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Earle White*, with him *White, White & Taulane*, for appellants.—The question of contributory negligence, whether of a minor over or under the age of fourteen years, can only become a factor in a case if there be evidence which, if believed, would justify the jury in finding that a defendant were guilty of negligence, and the question whether or not there is such evidence is a question of law to be determined by the court before submitting the case to a jury: R. R. Co. v. Hummell, 44 Pa. 375; Clough v. Hoffman, 132 Pa. 626; R. R. Co. v. Schertle, 97 Pa. 450; Rummel v. Dilworth, 131 Pa. 509; Ross v. Walker, 139 Pa. 42.

An employer is not liable for failure to instruct a minor employee as to the danger of cleaning a machine while it is in motion, where the danger is not only obvious, but where the danger is realized by the employee: Cudahy Packing Co. v. Marcan, 106 Fed. Repr. 645; O'Keefe v. Thorn, 24 W. N. C. 379; Zurn v. Tetlow, 134 Pa. 213; Ciriack v. Merchants' Woolen Co., 146 Mass. 182 (15 N. E. Repr. 579); Lane v. Moore, 151 Mass. 87 (23 N. E. Repr. 828); Ash v. Verlenden, 154 Pa. 246; Betz v. Winter, 195 Pa. 346; Oskoscil v. Pencil Co., 6 N. Y. Supp. 501; Hickey v. Taaffe, 105 N. Y. 26 (12 N. E. Repr. 286).

An employer is not liable for failure to instruct a minor employee as to the danger of cleaning a machine while it is in motion, where he was specifically directed by regulations that machinery shall not be cleaned while in motion, which regulations are known to the employee, and he is injured while in the act of disobeying them: McEwen v. Hoopes, 175 Pa. 237; R. R. Co. v. Zebe, 33 Pa. 318; Flanagan v. Ry. Co., 163 Pa. 102; Pilkinton v. Ry. Co., 70 Texas, 226 (7 S. W. Repr. 805).

*Edmund Randall*, with him *M. J. McEnery* and *James A. Flaherty*, for appellee, cited: Lewis v. Seifert, 116 Pa. 628; Ross v. Walker, 139 Pa. 42; Welsh v. Butz, 202 Pa. 59; Tagg

v. McGeorge, 155 Pa. 368 ; Prevost v. Ice Co., 185 Pa. 617 ; Casey v. Paving Co., 198 Pa. 348 ; Lillie v. Am. Car & Foundry Co., 209 Pa. 161.

OPINION BY MR. JUSTICE BROWN, March 5, 1906 :

The appellee, when in his thirteenth year, was employed by the appellants as a " doffer " in one of their mills. The sole duty of his employment, which was performed when the frame stopped, was to take off full bobbins, lay them aside and put empty ones on it in their place. After replacing the full bob‧ bins with empty ones there was nothing for him or the other doffers to do until the frame was again stopped, when they repeated the performance. While it was in motion the doffers, according to the testimony of the manager of the appellants, sat down on‧ benches. When the appellee was employed he was turned over ‧by the foreman, Harry Flynn, to a little girl for instruction, who simply showed him how to take the bobbins off and put them on. He testifies that no warning was ever given him of the danger of the machine, and this may be so, for he was employed to do work on it only when it was not in motion and could not have been dangerous to him.

When the appellee had been in the service of the defendants for about two weeks, on the morning of May 15, 1902, at about 6 o'clock, after he had worked for almost twelve hours during the preceding night, the foreman came near to where he was standing waiting for another doffing and said to him, " Hey, there, boy, take that cotton out of the cog, quick." He turned around and saw that a draught from the window had blown threads into the cog wheels, and, instantly complying with the order given him, took hold of the ends, giving them a kind of twist to break them off. They were twisted into a thread which was too strong to break, and his fingers were drawn into the cogwheels and crushed. For the injuries thus .sustained he seeks compensation in this suit.

What the appellee was directed to do by the foreman was no part of his‧ duty as a doffer. This is conceded. The defendants themselves proved that the duty he was suddenly called upon to perform rested on the spinners alone, who were directed to perform it only when the machinery was not in motion. By placards˙ around the mill the employees were pro-

hibited from cleaning the machinery while it was in motion, under penalty of dismissal, and one of the reasons urgently pressed by counsel for the appellants why the appellee cannot recover is that he disregarded this plain rule of his employers, known to him and every other employee. Conceding that they all had knowledge of it, the employers could at any time have revoked it, or on any occasion directed that, notwithstanding it, machinery should be cleaned while in motion, and if the appellee had acted in pursuance of such direction given by them it can hardly be pretended that they could now shield themselves under the rule from the consequences resulting from their direction to violate it.

If the testimony of the appellee is to be believed, and what was done by him is to be regarded as coming within the rule prohibiting the cleaning of machinery, the direction to disregard and violate it was given by the man whom the appellants had placed in their mill as their representative, who had employed the boy and whose duty, according to his own testimony, was to see that the appellee and the other employees did their work, whose superior he was, and whom they were bound to obey. If he ordered the appellee to disobey the printed direction of the appellants to their employees, they can find no shelter in their rule, for the foreman was their representative in the mill to secure employees for them, to see that the employees did their duty, being, according to his own testimony, the superior to whom they were responsible. Nothing more need be said upon this branch of the case than to call attention to Tagg v. McGeorge et al., 155 Pa. 368, as authority for holding that the defendants were bound by the act of their employee in directing the appellee to do the work which resulted in the injury to him. In that case, Tagg, a boy past thirteen years of age, was employed by the defendants in their woolen mill. The foreman, Chadwick, hurriedly directed him to clean a machine while it was running, without informing him of the peculiar danger incident to such work. The jury were instructed that, if the foreman gave the order to the boy, telling him to clean the machine while it was running, and the boy obeyed him, either from fear of the consequences of disobeying or because he thought the foreman knew more than he did, or his discretion was in any way interfered with by the

order so given him, the defendants would have to answer for the direction of the foreman, and the boy could recover. This instruction was approved in an opinion by the late Justice DEAN, affirming the judgment in favor of the plaintiff.

The appellee was employed to do but one thing—to change the bobbins—and in the performance of this duty, as already stated, he was in no danger. Suddenly, without a moment's notice, he was called upon to do another thing by the man placed over him by the appellants as his superior, and whom he was bound to obey. It was not to clean machinery, but to pull from the running cogwheels some threads that had been blown into them by a draught. The foreman knew this was dangerous, for he testified that he told the appellee to "keep away from all cogwheels because they were dangerous"; but the boy (and his testimony was for the jury) says he was never so notified and that what he did when he was injured was done in direct obedience to the orders given him by his superior.

In submitting the case to the jury they were instructed that the only negligence of which they could find the appellants guilty was this sudden direction of their foreman, given to the boy to instantly do a thing not within the line of the duties of his employment, and the doing of which the foreman must have known to be dangerous. Under the boy's testimony, there was a finding that such direction had been given, and that, under the circumstances, he had not been guilty of contributory negligence. He testified to the care he tried to exercise to avoid coming into contact with the wheels. The instructions to the jury as to the boy's negligence were: "While it is true the plaintiff says that he knew these cogwheels were dangerous, he was still a little boy, and was not called upon to set up his own unaided judgment against that of his foreman. He had the right to rely upon his advice, and still more upon his orders, notwithstanding many misgivings of his own. His dependent and inferior position is to be taken into consideration, and if the foreman gave him positive orders to do this thing under perilous circumstances, the plaintiff may recover for injuries incurred in doing it, if the thing which he did was not inevitably and immediately dangerous." This is the limit to which the learned trial judge could have gone in comment-

ing on the contention of the appellants that the contributory negligence of the appellee relieved them from any liability for their own. He did not put his fingers into the cogwheels, but took hold of threads several inches from them, and, in trying to pull these out, his hand, in giving the threads a twist, was drawn into the wheels. The jury could have fairly found, as they did find, that he was not bound to have known that what he undertook to do in obedience to the orders given him was immediately and inevitably dangerous. Though he had not been warned of the danger to which he was subjected by the imposition of the new duty upon him, he explained to the jury how he tried to be careful under the circumstances.

Assuming that the appellee knew the cogwheels were dangerous, he did not, as just stated, attempt to put his fingers between them, and when he responded to the order given him to act on the instant, he cannot be held to have been negligent because he did not stop, reflect and see that he was subjecting himself to inevitable danger. Of an adult employee, it is said: " If an employee is in haste called upon to execute an order requiring prompt attention, he is not to be presumed necessarily to recollect a defect in machinery, or a particular danger connected with his employment, so as to avoid it. A prompt and faithful employee suddenly called upon by a superior to do a particular act, cannot be supposed to remember at the moment a particular danger incident to its performance, of which he had previous knowledge ; and it would be most unreasonable to demand of him the thought and care which might be exacted when there is more time for observation and deliberation: Wharton on Negligence, 219 ; " TRUNKEY, J., in Lee v. Woolsey, 109 Pa. 124. Of this boy—not thirteen years of age at the time he was injured—it may be aptly repeated: " He was but little more than a child either in years or in strength, and could not be expected to have the will power of a full grown man in resisting his master's order. He cannot be held, therefore, as one who voluntarily engages in a dangerous service, especially by a master who specifically directed him to do the hazardous work: " Kehler v. Schwenk, **151** Pa. 505.

The court would have erred in directing a verdict for the defendants. The questions of the negligence of the defend-

ants and the contributory negligence of the plaintiff were for the jury alone and were submitted to them under proper instructions. The assignment of error is dismissed and the judgment affirmed.