## Stoiber *v.* Independent Brewing Company, Appellant.

*Negligence—Master and servant—Inexperienced employee—Dangerous place to work—Vice principal—Death—Brewing company.*

In an action against a brewing company to recover damages for the death of plaintiff's husband a verdict and judgment for plaintiff will be sustained where the evidence shows that the deceased at the direction of the brewing master, a vice principal, went inside a tub to varnish it; that the deceased had no experience in varnishing and was ignorant of the dangerous conditions surrounding him; that when the deceased began to varnish the inside of the tub there was a lighted stove in the bottom of it; that the brewing master told the deceased and a coemployee to keep the stove lighted until they reached the bottom in varnishing; that the brewing master knew that it was dangerous to varnish the inside of the tub with a lighted stove in it; and that the death resulted from an explosion in the tub caused by the lighted stove.

Argued Oct. 28, 1910. Appeal, No. 187, Oct. T., 1910, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1906, No. 136, on verdict for plaintiff in case of Johanna Stoiber v. Independent Brewing Company. Before Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Ford, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $8,170. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing judgment for defendant non obstante veredicto.

*Wm. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, for appellant.

*Thos. M. Marshall, Jr.,* for appellee.

PER CURIAM, January 3, 1911:

The husband of the appellee died from injuries received in an explosion in a fermenting tub of the appellant. He was employed at one of its breweries, and on the day he was injured was directed by the brewing master—found by the jury, under sufficient evidence and a charge not excepted to, to have been a vice principal—to varnish the inside of a tub in the cellar of the plant. That the varnish might dry more rapidly a cover was placed over the tub, inclosing all of the top except an opening of two or three feet. When the deceased and a coemployee began to varnish the inside of the tub there was a lighted stove in the bottom of it, and this, according to the testimony of the surviving coemployee, was known to the brewing-master or vice principal, who told them to keep it lighted until they reached the bottom. There was testimony that when the deceased was directed by his superior to varnish the tub his reply was that he was without experience in varnishing. The brewing-master admitted that he knew it was dangerous to varnish the inside of a tub with a lighted stove in it, as the varnish might explode if there was fire around. It is manifest, then, if the testimony on the part of the plaintiff was to be believed by the jury, taken in connection with the admission of the brewing-master, that the inexperienced deceased employee of the defendant company had been directed by his superior to work in a place surrounded by dangerous conditions of which he was ignorant. To have withdrawn the case from the jury would have been clear error, and the assignments complaining of its submission and of the refusal of the court to enter judgment for the defendant n. o. v. are overruled.

Judgment affirmed.