# Long *v.* Greenough Red Ash Coal Company, Appellant.

*Negligence—Mines and mining—Master and servant—Duty of employer to instruct.*

1. It is the duty of an owner of a coal mine to instruct an inexperienced employee, who is assigned to new duties in an unfamiliar part of the mine, and to warn him of the dangers incident to his employment and how to avoid them; if the danger cannot be reasonably anticipated or foreseen, the employee cannot be guilty of contributory negligence when injured, by reason of such unforeseen danger incident to his employment.

2. Although a servant be fully conscious of the danger incident to the discharge of a duty in a particular way as if he had been expressly warned of the danger, it does not necessarily follow that his employer is relieved of the duty to instruct him further. There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as a matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service.

3. Where a boy seventeen years old employed as a mule driver outside of a coal mine in the daylight, has his employment changed so as to run a car by a lamp light inside the mine, and is injured five days after he starts in his new employment while stopping a car, he is entitled to have his case against his employer submitted to a jury, where it appears that the accident was caused by his attempting to stop the car within the mine in the same manner that he had stopped cars without, and that he had not been warned that such method was dangerous or instructed as to the proper manner of stopping the car.

Argued Oct. 28, 1914. Appeals, Nos. 120 and 121, Oct. T., 1914, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1912, No. 194, on ver-

dict for plaintiff in case of Isaac Long, in his own right and as father and next friend of Richard Norman Long, a minor, v. Greenough Red Ash Coal Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MOSER, J.

At the trial it appeared that on December 5, 1911, that plaintiff, then seventeen years of age, was injured while employed in defendant's coal mine while engaged in stopping a mine car.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for Isaac Long for $200, and for Richard Norman Long for $1,000. Defendant appealed.

*Error assigned* amongst others was in refusing motion for judgment for defendant n. o. v.

*J. A. Welsh,* with him *John I. Welsh,* for appellant.— Plaintiff was guilty of contributory negligence: Cracraft v. Bessemer Limestone Co., 210 Pa. 15; Fletcher v. Phila. Traction Co., 190 Pa. 117; O'Keefe v. Thorn, 24 N. W. C. 379.

It has also been held that instructions are not necessary when the work is of the same general character as that at which the party was previously employed: Bellows v. Pa. & N. Y. Canal & R. R. Co., 157 Pa. 51.

*Voris Auten,* with him *Preston A. Vought, H. O. Moser* and *F. W. Magrady,* for appellee.—The case was for the jury: Rummel v. Dilworth, 131 Pa. 509; Parker v. Washington, etc., Electric Ry. Co., 207 Pa. 438; Sheetran v. Trexler, etc., Lumber Co., 13 Pa. Superior Ct. 219; Yocum v. Reading City, 235 Pa. 552.

OPINION BY KEPHART, J., February 24, 1915:

It is the duty of the employer to instruct an inexperienced employee, who is assigned to new duties in an unfamiliar part of a mine, and to warn him of the dangers incident to said employment and how to avoid them: Bogdanovicz v. Susquehanna Coal Co., 240 Pa. 124. "Although a servant be fully conscious of the danger incident to the discharge of a duty in a particular way as if he had been expressly warned of the danger, it does not necessarily follow that his employer is relieved of the duty to instruct him further. There may be two modes in which the duty can be discharged, one safe and the other dangerous, and if the servant be young and inexperienced, and be not instructed, it cannot be declared as a matter of law that the risk of making a wrong choice is one of the incidental risks which he accepted when he entered into the employer's service:" Sheetram et al. v. Trexler Stave and Lumber Co., 13 Pa. Superior Ct. 219. If the danger incident to the employment could not be reasonably anticipated or foreseen, the employee could not be guilty of contributory negligence when injured by reason of this unforeseen danger incident to his employment. Applying these and many well-settled principles to the facts in this case, was the trial court in error in refusing to enter judgment non obstante veredicto?

The employee, seventeen years of age, for a number of years worked at defendant's colliery. His first employment was as a slate picker, afterwards as a mule driver. His duties, with respect to the latter employment, were to place the hook attached to the spreader on an empty mine car, get on the car and ride on the bumper to a place where the car would be taken into the mine to be loaded, and there he would unhook or uncouple the spreader chain from the car by placing his foot on the chain to get slack. This work was performed in daylight, outside of the mine. At times he would run loaded cars to the breakers where they would be un-

coupled in like manner.   The work of coupling and uncoupling cars was done mostly when the car was stopped, sometimes when it was moving very slow.   He was engaged at this sort of work for over a year, when he requested a place inside the mine as a chain thrower or uncoupler of cars.   His duties here were to attach the rope to the clevis or hook in the center and at the bottom of a loaded car, get on the bumper of the car, which was nine by twelve inches wide, when the car would be drawn from the bottom of the slope to the top of the grade or knuckle, as it was called, by a hoisting engine. When it reached the knuckle, the engine, being on the side opposite from where the boy was riding and forty feet from the knuckle, moved the car with sufficient speed that it could, of its own momentum, pass over the knuckle beyond the engine to the drift doors; the chain thrower, standing on the right side of the car, would uncouple the rope, so as to permit the car to run to the drift doors to make room for other loads as they were brought up.   While thus engaged, within five days after he started at this new work, he was injured.   He states that he was riding the car to the knuckle and while it was moving rather fast he put his foot on the rope to get the slack, just as he had done before while driving mules, reached down to unhook the rope, when the slack was suddenly taken up, jolting him off the car, the car passing over his body; that he had received no instructions as to the danger incident to this work.

The appellant rests its case chiefly on the similarity of the work the boy did when injured to that which he did for some time before he was taken inside the mine; and that he had seen others perform this same work, at which he was injured, before he undertook to perform it. The facts present one of those difficult cases very close to the line.   We cannot say, as a matter of law, that the work was so strikingly similar that further instructions were not necessary.   He was engaged as a chain thrower in both instances and rode on the same kind of

bumpers. His prior work was in daylight. This work was done with such light as his lamp gave him. The power used in his former work was to a large extent under his own control; at the later work it was steam power some distance away and controlled by another. The method of uncoupling cars in his former work was safe, but when the same method was applied to his new work it was dangerous. The car was moving rapidly, whereas he was accustomed to uncoupling them when they were either stopped or going very slow. While the car upon which he was riding had a small part of the top knocked off, he does not attempt to in any way describe how that made his position unsafe or dangerous and it did not, in our judgment, contribute to his injury. But at his new work we have changed conditions and circumstances. His testimony as to his familiarity with the new work to be done does not evince sufficient knowledge of the details of doing the work for us to say he was well enough acquainted with it that further instruction was not necessary. What was said by our President Judge, RICE, in Sheetram v. Trexler Stave and Lumber Co., supra, applies to the facts involved. The accident occurred from a danger not patent or apparent and was not one of those which could be readily foreseen. In fact, it only became dangerous through the unexpected act of another, which might in the course of events happen, and of which he should have been warned. The foreman of the defendant company states that it was dangerous to place his foot on a rope to get slack, that this was usually given by the engineer. The evidence on the principal questions was conflicting, and the court submitted the case to the jury in a clear and impartial charge, dealing very fairly with the defendant. We agree with the learned court below when he says, in his opinion overruling the motion for judgment n. o. v.: "Notwithstanding his experience in hauling wagons with mules upon the surface we think the plaintiff should have been instructed when he went inside as to the

dangers incident to his employment there, and how to avoid them.   The duties, dangers and risks incident to a wagon tender and chain thrower on an inside slope are very much different from those of mule driver on the surface in the light of day.   It is well-settled law in this state, that, 'It is the duty of an employer not only to instruct an employee, ignorant of the dangers incident to his work by reason of age, inexperience or other cause, but also to point out to him how those dangers may be avoided:' Kearns v. Carnegie Steel Co., 230 Pa. 328." These conclusions are clearly warranted by giving to the plaintiff the benefit of every fair, favorable inference arising from the testimony.

Assignments of error overruled and judgment affirmed at cost of appellant.